YOUNG *v*. KNOX.

Opinion delivered June 23, 1924.

1.  LIMITATION OF ACTIONS — RELIGIOUS SOCIETIES.—The statute of limitations as to real estate is one of repose and intended to quiet titles, and it operates in favor of or against religious societies, as well as natural persons or private corporations.

2.  ADVERSE POSSESSION—CHARACTER.—The possession which will bar the right of a former owner of land must be an open, visible, continuous and exclusive possession with claim of title, so that parties seeking information upon the subject might find that the property was not held under permission of any one, but adversely to every one.

3.  APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.— The decisions of a chancellor on questions of fact will be upheld, unless against the clear preponderance of the evidence.

4.  ADVERSE POSSESSION—EVIDENCE.—In a suit by the elders of a church congregation to enjoin one claiming under a deed from

another church from interfering with plaintiffs' possession, evidence of plaintiffs' adverse possession *held* to sustain a. decree quieting title in plaintiffs as trustees.

5. RELIGIOUS SOCIETIES—PARTIES.—Under Crawford & Moses' Dig., § 8638, authorizing trustees of a religious society to defend and prosecute suits at law and in equity relating to church property, elders of a church congregation authorized to represent it were proper parties to sue to enjoin interference with their possession of a church building and to cancel a deed as a cloud upon the title to such property.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

### STATEMENT OF FACTS.

Appellees brought this suit in equity against appellant to enjoin him for interfering with their possession of a church building in Paragould, Arkansas, and to cancel a deed executed to him to said property as a cloud upon their title.

The defendant claimed the legal title to the property and the right of possession under his deed.

A. A. Knox, G. L. McDonald and John Rosson brought the suit for appellees, and were witnesses in the case. According to their testimony, they represented the local congregation of the Cumberland Presbyterian Church at Paragould, Arkansas, and were elders in said church. In 1906 the Cumberland Presbyterian and the Presbyterian Church U. S. A. formed a union. One hundred and six members of the General Assembly of the Cumberland Presbyterian Church declined to form the union, and conducted a general assembly at a separate place. The local congregation of the Cumberland Presbyterian Church at Paragould, Arkansas, refused to enter said union, and continued to occupy their church property for religious purposes. They had preaching in it about one-half of the time, and Sunday-school every Sunday. The congregation continued to hold the exclusive possession of said church from the time they refused to recognize the union in 1906 until John Young attempted to take possession of the property in 1923. No

other church organization attempted to control said church property during this time. The local congregation of the Cumberland Presbyterian Church, through its elders, has claimed title to said property since 1906. They have belonged to a synod of the Cumberland Presbyterian Church during all of this time.

W. E. Spence and W. S. Ellis, two witnesses for appellant, testified that the local congregation of the Cumberland Presbyterian Church at Paragould had occupied the church property in question since the union of the Cumberland Presbyterian with the Presbyterian Church U. S. A. in 1906; but that such use and occupation by said congregation had been permissive merely, and not under any claim of right. They testified that A. A. Knox admitted, in 1914, that the title to said property was in the Presbyterian Church U. S. A., but insisted that, as a matter of right, the congregation of the Cumberland Presbyterian Church ought to have it.

A collector for a street improvement district testified that Knox and Rosson told him that they would not pay the street improvement tax because the property did not belong to them.

Appellant produced a deed from the trustees of the Presbyterian Church U. S. A. to the property. He testified that he redeemed the property from the sale for paving taxes by paying about $769. A deed to the property was executed to him on the 11th day of April, 1923.

Knox denied that he told the collector of the paving district that the Cumberland Presbyterian Church of Paragould did not claim the property. He admits that he told the said collector that the Presbyterian Church U. S. A. had a claim of title against the property, and that they were not going to pay the paving taxes until the matter was settled. He denied that he ever told any one that the Cumberland Presbyterian Church was not claiming the property. He admits that he had a conversation with Dr. Ellis and Mr. Spence, and admitted to them that the Presbyterian Church U. S. A. had the

legal or paper title to the property, but told them that the Cumberland Presbyterian Church was holding possession of the property and claimed it as its own.

The chancellor found that appellees had acquired title to the church property in question by seven years' adverse possession; that the deed to appellant constitutes a cloud on the title of appellees, and should be canceled.

A decree was entered accordingly, and the case is here on appeal.

*D. G. Beauchamp* and *Jeff Bratton,* for appellant.

1. Appellees, as elders and trustees of the local congregation of the reorganized Cumberland Presbyterian Church, cannot acquire title nor hold title to the property in question, since they admit that their present church organization is identically the same as it was prior to the reunion of 1906. 96 Ark. 117; 34 Cyc. 1171; 32 Atl. 747.

2. Even if appellees could claim title to the property, and if they were proper parties, they stand in the attitude of grantors or dedicators remaining in possession, and as such cannot acquire title as against their grantee by merely remaining in possession of the property conveyed. A grantor remaining in possession is a tenant at the will of the grantee, or a trustee for the grantee. 2 C. J. 143; 69 Ark. 562; 2 C. J. 144; 85 Ark. 520.

3. The possession held by appellees was permissive, and could never ripen into title by adverse possession. 2 C. J. 131; 42 Ark. 121; 84 Ark. 140.

4. Appellees' possession was not under claim of title; it was not hostile; it was not notorious, but was held while they all the time admitted that the Prebysterian Church U. S. A., since 1906, was the legal owner. Therefore their possession was not adverse and could not ripen into title. 42 Ark. 121; 2 C. J. 122; 104 Ark. 641.

*Block & Kirsch,* for appellees.

The language quoted by appellant from 34 Cyc. 1171 does not support his challenge of appellees' capacity to

sue. Moreover, the provision of the 1920 digest of the laws of the Cumberland Presbyterian Church to the effect that it was the sense of the assembly that the rightful ownership of, and title to, church property belonging to a disorganized congregation, or of an abandoned church property, was, and should be, in the presbytery in whose bounds it was located, provided there were no provisions in the deed of conveyance directing what should become of the property when it ceased to be used for church property, can be susceptible to no other construction than that the ownership, where a congregation is not disorganized, or church property is not abandoned, is in the trustees, and not in the presbytery. Appellees alone have capacity to bring this suit. 26 R. C. L. 1271; 34 Cyc. 1171; 115 S. W. 684; 116 S. W. 360; 245 Ill. 74; 114 Ark. 376; 32 Atl. 747.

2. There is no force in appellant's contention that appellees stand in the attitude of grantors or dedicators, since this is not the old Cumberland Presbyterian Church which was merged into the Presbyterian Church by the union and reunion, but a new and distinct entity, reorganized after the union and reunion; but, even if the rule evoked were applicable, "the Presbyterian Church U. S. A. had actual knowledge of this adverse possession, or that appellees' occupancy had been so inconsistent with the presumption of possession as to impute knowledge to its trustees of that hostility." 114 Ark. 376, at p. 384.

3. Mere knowledge that the Presbyterian Church U. S. A. made claim to the property would not in itself make appellees' possession permissive, or prevent their claim from being hostile and adverse, if they were in fact claiming the title to the property. 144 Ark. 212.

4. As establishing title in appellees by adverse possession, see 132 Ark. 455; 27 L. R. A. (N. S.) 388.

HART, J., (after stating the facts). The title of appellees, who are plaintiffs in the court below, is founded upon the adverse possession of themselves and the local congregation of the Cumberland Presbyterian

Church at Paragould, Arkansas, for a period of more than seven years. The statute of limitations as to real estate is founded upon public policy. It is a statute of repose, and intended to quiet titles, and operates in favor of or against religious societies as well as natural persons or private corporations.

: This court has held that the trustees of a church or religious society may lose title to real property by adverse possession. *Gee v. Hatley,* 114 Ark. 376. It is equally well settled that the trustees of a religious society may acquire title to real property by adverse possession. *Camp v. Camp* (Conn.) 13 Am. Dec. 60; *Dangerfield v. Williams,* 26 App. D. C. 508; *Curd v. Wallace* (Ky.) 7 Dana 190, 32 Am. Dec. 85; *University of Maryland v. Calvary M. E. Church South* (Md.), 65 Atl. 398; *Rehoboth v. Carpenter* (Mass.), 23 Pick. 131; *Reformed Church v. Schoolcraft,* 65 N. Y. 134; *Society for Propagation of Gospel v. Sharon,* 28 Vt. 603; and *Davis v. Owen* (Va.), 13 L. R. A. (N. S.) 728.

The decisions of the courts cited above, as well as many other decisions from this court, have determined the character of the possession which will bar the right of the former owner to recover real property. It must be an open, visible, continuous and exclusive possession with claim of title, so that parties seeking information upon the subject might find out that the property was not held under the permission of any one, but adversely to every one.

Tested by this familiar and well established rule, it cannot be said that the finding of the chancellor is against the preponderance of the evidence. It is the uniform rule of this court to uphold the decision of a chancellor upon a question of fact, unless it is against the clear preponderance of the evidence.

According to the witnesses for appellees, they were elders in the Cumberland Presbyterian Church at Paragould, Arkansas, and were trustees for it. They were present when the General Assembly of the Cumberland

Presbyterian Church and the Presbyterian Church U. S. A. voted to unite. One hundred and six members of the General Assembly of the Cumberland Presbyterian Church dissented, and immediately held an assembly of the Cumberland Presbyterian Church. The local congregation of the Cumberland Presbyterian Church at Paragould immediately joined the dissenters, and continued to occupy their local church. They say that they had exclusive possession of it, and have never permitted any one connected with the Presbyterian Church U. S. A. to exercise any control or dominion whatever over it.

It appears that they recognized that the legal title to the church property was in the Presbyterian Church U. S. A. under the decision of this court in *Sanders* v. *Baggerly,* 96 Ark. 117; but they denied that this church had any rightful title to the property. In other words, instead of their occupancy being permissive, it was hostile to the rights of the Presbyterian Church U. S. A. They had the exclusive, continuous and hostile possession of the church for more than seven years, according to their testimony, and acquired title to the church property by adverse possession.

It is true that their testimony was contradicted by two members of the Presbyterian Church U. S. A. and by the collector of a paving district; but, as above stated, it cannot be said that the testimony of these witnesses shows that the finding of the chancellor is against the preponderance of the evidence.

It is also contended that appellees are not the proper parties to maintain this suit. Knox, Rosson and McDonald all stated that they were elders in the church and represented the local congregation of the Cumberland Presbyterian Church at Paragould.

Our statute provides that the trustee or trustees for the time being of any religious society shall have the same power to defend and prosecute suits at law or in equity, and to do all other acts for the protection, improvement and preservation of said property, as

individuals may do in relation to their individual property. Crawford & Moses' Digest, § 8638.

In the case of *Gee* v. *Hatley,* 114 Ark. 376, the trustees and elders of a Presbyterian Church brought suit to recover possession of a part of the church property, and it was held that they might maintain the action.

It follows that the decree must be affirmed.