4-9656                                     245 S. W. 2d 824

Opinion delivered February 11, 1952.

*J. Harrod Berry,* for appellant.

*O. W. Pete Wiggins,* for appellee.

WARD, J.  Appellant, who has owned lots 10, 11 and 12, Block 17, Mountain Home Addition, Little Rock, since 1931, brought this action against the defendants who have owned lots 1 and 2 in the same block, adjoining his lots on the north, since 1946 and 1949, seeking a permanent injunction to remove a fence which Berry claimed was built by the defendants five feet south of and parallel with his north boundary line.  Following is an explanation of how the dispute arose.

The original plat of the said Mountain Home Addition which was filed in 1904 shows lot 12 in the southeast corner of said Block 17 and lot 1 adjoining it on the north; it shows lot 11 adjoining lot 12 on the west with

lot 2 adjoining it on the north; and it shows the same relative positions as to lots 10 and 3. It appears that in 1942 the Arkansas Housing Corporation owned said lots 1, 2 and 3 along with other property in that vicinity and in that year organized, platted and filed for record the Cammack Woods Subdivision which included the land surrounding [at least in part] said Block 17. Appellant's property faced south on Longwood street and it seems that in order to make this street conform to a street in the new subdivision it was necessary to widen Longwood street along the north side and consequently necessary to use a strip of land five feet wide squarely off of the south end of appellant's lots. Appellant contends that he had an agreement with W. D. Cammack who represented the Arkansas Housing Corporation whereby the Corporation, in exchange for appellant's strip of ground, gave him five feet squarely off of the south ends of said lots 1, 2 and 3. It is not contended that this agreement was ever put in writing, or that any notice thereof was ever filed of record. Appellant further contends, as a result of said agreement, that he is the owner and entitled to the possession of the last described parcel of land, and he also claims said land for the reason that he has been in actual adverse and open possession of the same since 1942 and until this suit was filed in December of 1950. Although this action was brought by appellant to require appellees to remove a fence which they constructed along the south side of the controversial strip of ground, yet the real issue to be decided is one of ownership.

It is not disputed that according to the record title and according to the recorded plat of the Mountain Home Addition appellees are the record owners of the disputed parcel, since it is a part of the descriptions in their deeds, and it is not disputed that when they purchased said lots there was nothing of record to give them notice that appellant had any claim to any portion of them.

Appellees assert that appellant's trade or agreement with the Housing Corporation was within the statute of frauds because it was not evidenced by any writing. In

answer to this, appellant asserts that performance [that is actual possession of the land] would operate to take the agreement out of the statute. It is then contended by appellant that since the Housing Corporation could not take advantage of the defense of the statute of frauds, appellees likewise could not plead said statute. As authority for this position the case of *Brought* v. *Howard*, 30 Ariz. 522, 249 P. 76, 48 A. L. R. 1347, is cited. A careful consideration of that opinion discloses nothing to justify such conclusion. Regardless of these considerations, however, both parties rest the decision in this case on the question presented below.

It appears then that the question involved is whether appellant has acquired the land in dispute by adverse possession. In considering this point we think it is immaterial that part of said possession, in point of time, was against the Arkansas Housing Corporation and part against appellees.

It is our opinion that appellant's possession, as shown by the testimony, falls short of the character required to invest him with title. The testimony shows that appellant had built a rough stone wall along the north boundary line [of the disputed parcel of land] and this is corroborated by pictures introduced in evidence, but, according to appellant's own testimony, the wall had been in existence less than seven years before this suit was filed. There is other testimony on behalf of appellant, in most instances disputed by appellees, to show that appellant cut some brush and weeds from time to time and that his tenants and others used a pathway across said land. It is also shown that appellant or his tenants kept a cow on some portion of this land and that he built a lumber shed which extended over about two or three feet onto the land. However, both of these latter acts of possession began prior to the trade with Cammack, and so could not have been accompanied with claim of ownership. Appellees state that there was nothing to indicate the boundary line contended for by appellant at the time of their purchase, and, according to their testimony, the path mentioned above was some 15 feet north

of the disputed land. Appellant testified that at the time of the agreement with Cammack [or the Housing Corporation] stakes were driven into the ground to mark the agreed north line, but it was shown that these stakes were not effective as notice to the general public and that appellant himself had some difficulty in locating them prior to the trial. The proof does show that electric light poles are located and have been for more than seven years along the north line claimed by appellant, but there is nothing to indicate to appellees that they were intended to demark a dividing line between the two properties, and their presence alone would not, we think, constitute notice to appellees or the general public of such intent.

Our court has uniformly held that adverse possession, to vest title, must be open, notorious, hostile and continuous for a period of seven years. *Montgomery* v. *Wallace,* 216 Ark. 525, 226 S. W. 2d 551. It must be such as would give notice to the general public of the claimant's intention to hold adversely. These elements indicating possession must clearly appear where, as here, the land is not inclosed and tax payments are not shown.

As stated above it is our opinion that the testimony on behalf of appellant is not sufficient to meet the requirements for vestiture of title under the rules announced above and we cannot say that the decree of the lower court in favor of appellees is against the weight of the testimony.

Affirmed.