PHELPS *v.* HIGGINS.

5-47                                        257 S. W. 2d 25

Opinion delivered April 20, 1953.

*J. Hugh Wharton* and *Spencer & Spencer,* for appellant.

*T. O. Abbott,* for appellee.

WARD, J. This appeal challenges an instruction on adverse possession.

Appellee, John Higgins, is the owner and in possession of the east 40 feet of the north half of lot 2, block 1, Mahony Addition to the City of El Dorado, Arkansas, and appellant, Terrance R. Phelps, owns the property adjoining on the South. For many years there had been a hedge along the dividing line, which appellant caused to be cut down prior to the institution of this suit.

In his complaint, Higgins claimed the hedge was on his property and asked for damages against Phelps for the wrongful cutting. Higgins also alleged that he owned the land on which the hedge was formerly located by

reason of seven years' adverse possession. Phelps' answer denied the above allegations and affirmed that the hedge was on his own land.

On the issues thus joined, a jury trial resulted in a verdict for damages in favor of Higgins.

The trial court gave appellees' requested instruction No. 4, which reads as follows:

"If you find from a preponderance of the testimony in this case that the hedge and the fence in controversy was placed by the plaintiffs' predecessors in title at the location where it was cut and removed more than seven years prior to the date of cutting and had been continuously claimed by the plaintiffs and their predecessors in title to said property for more than seven years prior to the date of said cutting, then said hedge and the land on which said hedge and fence was located became the property of the plaintiffs by adverse possession and it would be immaterial in this case whether the defendant's line ran North of the hedge row and fence row."

To the above instruction appellant entered a timely objection on the ground that it allows a continuous *claim* [our emphasis] for seven years to ripen into title without the requirement of the other necessary elements of adverse possession, and brought same forward in his motion for a new trial.

None of the other instructions supplied the omission noted above. In our opinion the giving of instruction No. 4, under the circumstances, constitutes reversible error.

A well-established rule of law is that adverse possession, to vest title, must be open, notorious, hostile and continuous for a period of seven years. See *Watson* v. *Hardin,* 97 Ark. 33, 132 S. W. 1002; *Ringo, Ex'r* v. *Woodruff,* 43 Ark. 469; *Young* v. *Knox,* 165 Ark. 129, 263 S. W. 52; and the recent case of *Berry* v. *Cato,* et al., 220 Ark. 36, 245 S. W. 2d 824, decided February 11, 1952. There are certain variations of the rule, just as well established, requiring, among other things, that the

claimant must intend to hold or acquire title and that his possession must not be permissive.

In this case the burden was on Higgins to prove his own title to the land on which the hedge was located. The proof was abundant, convincing, and, as we understand, admitted that the hedge was not on the land embraced in Higgins' record title. It was, however, a matter left to the jury. Consequently, appellee chose to also rely on adverse possession and with this choice also went the burden of proving all the necessary elements to the satisfaction of the jury.

In our opinion the evidence in this case did present a question for the jury regarding adverse possession, and the trial judge must have been of the same opinion or he would not have submitted the questioned instruction.

There was much proof to the effect that Higgins and his predecessors in title had claimed the hedge and treated it as their property for much longer than the required seven years notwithstanding the fact that it possibly was below the South line of said property, but there was also substantial proof to the contrary.

Two engineers surveyed the property in question and found the hedge was located on appellant's side of the record property line. Mrs. Speer testified she moved on appellant's property in 1932 and stayed there about 15 years, and the hedge was on the North side of appellant's property; that she cut the hedge two or three times and that the occupants of appellees' property raised no objections; and that she last cut the hedge in 1945, in the daytime, and, again, no objection was made. Frank Lawton said he bought the Phelps' property in 1932 at which time he cut the hedge, and no one questioned his authority.

Since the jury had no opportunity, under the court's instructions, to pass on all the questions of fact necessary to constitute adverse possession, the case is reversed and remanded for a new trial.

MILLWEE, J., not participating.