MONK v. LITTLE.

Opinion delivered January 3, 1916.

1. RELIGIOUS SOCIETIES—PROPERTY DISPUTES—JURISDICTION OF THE COURTS.—Courts may properly assume jurisdiction of a dispute between different factions of a church organization, where property rights are involved.

2. RELIGIOUS SOCIETIES—CONTROL BY MAJORITY.—Where the congregation is the governing body of an individual church, the majority, if they adhere to the organization and to the doctrines of the church, are entitled to the control of the church property.

3. RELIGIOUS SOCIETIES—CONTROL OF CONGREGATION BY CHURCH COUNCIL.—A dispute arose in the congregation of a church of the Primitive Baptist denomination; a council of the denomination met and undertook to adjust the difference. *Held,* the congregation being the governing body of the church, and the council being a voluntary organization, its action being only advisory upon the congregation, was not controlling, the congregation not having agreed to abide by the decision of the council.

Appeal from Sebastian Chancery Court, Greenwood District; *W. A. Falconer,* Chancellor; affirmed.

*John P. Woods* and *Daniel Hon,* for appellants.

Little Flock * * * Church is not an independent religious organization, but if she was, she was not of the primitive Baptist denomination, nor of any other, but an "Ishmaelite." She held her property as a church of the

religious denomination of which she was a member; she was part of an organization governed by a constitution, rules and articles of faith, etc. Constitution, § 4. Appellees are bound by the action of the council. The chancellor's findings of facts are correct, but he erred in his views as to the law. Appellants, heeding the biblical injunction of Paul, withdrew from brethren that walked disorderly and not after the tradition of the Lord. 2 Thess. 3:6; A. & E. Enc. Law, p. 353 (2 ed.); 24 Cyc. 350. Courts award property rights * * * but inquire only as to the rules and decisions of the church and its tribunals and what parties and factions adhere to them without questioning their wisdom or propriety. 24 Cyc. 350; 24 A. & E. Enc. Law, p. 350, 356 (2 ed.); 96 Ark. 123; 44 Atl. 240; 45 *Id.* 771; 48 S. W. 534; 73 Conn. 718; 49 Atl. 241. Under these cases Little was stripped of his ministerial duties until he was reconciled to his church and all the appellees are without standing with the church.

The action of the council was final and binding. 119 Ark. 128. See, also, 93 N. W. 473; 81 Mo. App. 525.

*J. H. Evans,* for appellees.

Upon the evidence and admissions in the record, the decree should be sustained. This court, in a case like this, takes judicial knowledge of matters of public history and common knowledge: As that Baptist churches are independent; that they are congregational; that there are no church judicatories about the individual church that have any right or power to control the action of the church with reference to any church matter. 58 L. R. A. 723. *Sanders* v. *Baggerly,* 96 Ark. 117, settles the law in this State. The leading case in this country settles the law as to the rights and powers of individual churches to the control of their property. 13 Wallace 679; 3 B. Mon. 253; 24 L. R. A. (N. S.) 696; 49 S. W. 904; Theodosia Earnest, pages 349, 251. We have carefully searched the scriptures, but find no warrant for the action of five members out of fifty-five at an irregular meeting to exclude the pastor and ten others from membership. The nearest we find are Leviticus, ch. 26-8, and Joshua, ch. 23-10.

HART, J. John B. Little and others, claiming to be members of the Little Flock Primitive Baptist Church, brought this suit in equity against Charles M. Monk and others, also claiming to be members of said church, to obtain the right to the custody of the church building of said religious society and to restrain the defendants from the use thereof.

The Little Flock Primitive Baptist Church was organized some twenty years ago in the community of Cross Roads, in Dayton Township, Greenwood District of Sebastian County, Arkansas, and at the time of the controversy which finally caused this suit, contained about forty-five members. The church in question was an independent religious society of the Primitive Baptist faith. On the second day of April, 1907, the church property in controversy in this suit was conveyed by warranty deed from the owner to the Little Flock Church of the Primitive Baptist denomination, and to its successors and assigns forever. Since the organization of the Little Flock Church, its regular time of meeting has been the second Sunday and Saturday of each month. At its regular meeting in July, 1912, a member who had been expelled from the church asked to be restored to membership and for a letter of dimission. John B. Little, who was then pastor, and ten others of the congregation, voted against his restoration, and eleven others of the congregation voted for it. So, the vote resulted in a tie, and the petition of the excluded member for restoration to the church was denied. The congregation then proceeded to elect a pastor for the ensuing year and John B. Little was again elected as its pastor. Thereafter on the 6th day of August, 1912, the defendant M. Barton, with four others, who were then members of the Little Flock Church, without any notice to the congregation, met and voted to exclude John B. Little and ten other members of the church from membership in it. Since that time there has been a division in the church, a part of the congregation worshipping with John B. Little as its pastor, and claiming to represent the church and an equal number, having

elected Doctor Monk as their pastor, worshipped with him, and also claimed to represent the church.

In December, 1911, the two factions, if such they may be called, agreed to call a council of ministers and members of the Primitive Baptist Churches to hear the case and give its advice. A council of eight, consisting of seven ministers and one layman, mostly from other States,- assembled and heard the case. In May, 1912, the council rendered its decision as follows:

"We, your council, have unanimously agreed that the consideration of the evidence considered is sufficient to convince us that the acknowledgment made by W. H. Wheeler is sufficient to secure membership in any Baptist Church of our faith and order."

John B. Little and ten other members of the congregation refused to abide by the finding of the council, and as above stated refused to join in granting the church letter to W. H. Wheeler at the regular meeting in July, 1912. The faction which had chosen Little as pastor selected messengers to an association of churches of the Primitive Baptist faith; and the faction which had elected Charles Monk as its pastor also selected messengers for this association. The latter were recognized by the associtaion.

The Little Flock Primitive Baptist Church was an independent religious society, and the congregation was its governing body. According to its rules, the action of the majority of the church members at a regular church meeting is the action of the church and is final and binding unless changed by the regular action of the church itself. Councils, associations, and conventions are not church adjudicatories. The individual church congregation is the sole and only judge of its actions.

The chancellor found in favor of the plaintiffs and decreed that they were entitled to the possession and management of the church property, and the defendants were ordered to surrender possession thereof to the plaintiffs. They were also enjoined from in any way using said property without the consent of the plaintiffs. From the de-

cree entered of record, the defendants have duly prosecuted an appeal to this court.

We think the decision of the chancellor was correct. In the case of *Sanders v. Baggerly*, 96 Ark. 117, a union between the Cumberland and Presbyterian churches was involved and the court held that civil courts will not assume jurisdiction of controversies over matters purely of church doctrine or discipline where no property rights are involved. The court further held that even in cases involving civil or property rights when questions arise concerning matters of church doctrine or discipline which have been decided by a church court vested with such jurisdiction by church laws, the civil courts accept as final and conclusive, decisions of the ecclesiastical courts.

(1) In the case before us, property rights are involved, and the court properly assumed jurisdiction of the case.

(2) In the case of *Hatchett et al.* v. *Mount Pleasant Baptist Church et al.*, 46 Ark. 291, the court expressly held that in a congregational church the majority, if they have adhered to the organization and to the doctrines of the church, represent the church.] The court said they control in the government of the church and have a right to select its pastor and control its property. The opinion in the case was delivered by Judge Battle, who was specially fitted to speak on the subject, not only because of his learning and eminence in the law, but also because of his long and close connection with the Baptist faith.

[Under the principles announced in that case, it may be said that the plaintiffs in the case before us elected a pastor at a regular church meeting, and are entitled to the control of the church property.]

(3) The attempt to expel them on the 6th day of August, by Barton and four others, was without authority unless it can be said that the action of the council was binding upon the church, and that Little and others put themselves in rebellion to the governing body of the church by refusing to abide by the decision made by the council.

As we have already seen, the congregation was the governing body of the church, and the action of the majority of the congregation is controlling. The selection of eight persons to sit as a council did not constitute the council the governing body nor require the congregation to abide by its decision. The council was a voluntary one, and its action was only advisory upon the congregation, and was not controlling.

Counsel for appellants rely upon the principles of *Arthur* v. *Norfield Parish Congregational Church* (Conn.) 49 Atl. 241, but in that case a majority of the congregation at a regular church meeting voted to accept the decision of the council, and by that act made the decision of the council the decision of the congregation. In the instant case, at a regular meeting of the congregation, the action of the council was called up for consideration and a majority of the congregation did not vote to accept it. The council not being a judicatory, its action was not conclusive of any rights.

So, it may be said in regard to the association. The fact that it recognized the messengers selected by the defendants is not an ecclesiastical decision of the governing body of the church that the defendants are right. The act of the association was advisory merely, and its decision is not binding upon the civil courts.

According to our own decisions, the congregation was the sole judicatory of the church. To the same effect see *Mason* v. *Lee,* 50 So. (Miss.) 625; see also case note to *Mack* v. *Kime,* 24 L. R. A. (N. S.) 696.

It follows from what we have said that Little and other members of the congregation were not legally expelled from the church, and that they are entitled to the control of its house of worship and other property.

The decree will, therefore, be affirmed.

HART, J., (on rehearing). Counsel for appellants, in their brief on motion to rehear, claim that we did not take into consideration a part of the church record in rendering our decision. The part to which they refer is the proceedings on Saturday before the second Sunday in

May, 1912, which was the first meeting after the council rendered its decision. The record shows that the members of the church met for divine service, and that there was a call for the peace of the church; that it was stated that the church was not in peace; that there was a motion and a second that the church abide by the decision of the council and accept its advice; that the motion was carried; that there was then a motion and second that Wheeler be given a letter, and that this motion did not carry.

This was considered by us on our former opinion. The record in the case was very voluminous, and we did not deem it necessary to state the facts at length. The whole object of calling the council and asking its advice was to obtain a letter for Wheeler who had removed to the State of Oklahoma. So it will be seen that when the record is read together that the object of the proceeding was not accomplished, that is a letter was not given to Mr. Wheeler.

That this was the object and purpose of the whole meeting is evidenced by the fact that that matter was again brought up at the July church meeting, and the church again refused to grant a letter to Mr. Wheeler.

Even if we are mistaken in this, it can not be said that appellees were in rebellion to the constituted church authorities because they did not vote to grant a letter to Mr. Wheeler, and that they were subject to expulsion from the church. A few of the members met, not at a regular church meeting, at the home of a private individual and attempted to remove appellees from the church. Their whole action was irregular and without sanction of church authority. Appellee Little was the pastor of the church and he and the other trustees rightfully held charge of the church property. The court so held and ordered appellants to surrender possession of the property to appellees.

The motion for rehearing will be denied.