JOHN JUDKINS *vs.* M. E. TULLER.

Worcester.    September 21, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Conversion. Corporation,* Officers and agents.  *Agency,* Scope of authority,
    Ratification.  *Sale,* Validity.

The president of a corporation doing a business of repairing and selling
    motor vehicles, in the absence of authority from the by-laws or from
    action of the stockholders or directors, had no authority to give a
    bill of sale in behalf of the corporation of "all other parts, pieces of
    machinery and automobile parts, new and second-hand," in its place
    of business, which included practically all the goods, wares and mer-
    chandise then owned by it.
Where the plaintiff in an action of tort for conversion of chattels had no
    title to nor right to possession of the chattels in question at the time of
    the commencement of the action because a bill of sale of the chattels by
    a corporation to him, upon which he relied, had been given to him by
    the president of the corporation without authority, the ratification of
    the president's act by the corporation's board of directors after the
    commencement of the action did not aid the plaintiff; and the action
    could not be maintained.

TORT.    Writ dated January 5, 1923.

In the Superior Court, the action was referred to an
auditor whose findings of fact were to be final.  Material
facts are stated in the opinion.  A motion by the plaintiff
for judgment on the auditor's report was denied by *F. T.
Hammond,* J., who allowed a motion for judgment by the
defendant.  The plaintiff alleged exceptions.

*C. E. Tupper,* for the plaintiff.
*D. Whitcomb,* for the defendant.

CARROLL, J.    In this action of tort the plaintiff sought to
recover for the conversion of a quantity of automobile
supplies and parts.  The case was referred to an auditor
whose findings of fact were to be final.  Judgment was
ordered for the defendant.  The plaintiff excepted.  The
writ is dated January 5, 1923.

Prior to 1922, the Milford Automobile Machine Com-
pany, hereafter called the corporation, did business under

the name of F. S. Howard Motor Car Company. It carried on the business of repairing and of selling a certain make of motor vehicle at number 751 Main Street, Worcester. Fred S. Howard was the president and manager of the corporation. The plaintiff was employed by it. About April 25, 1922, the defendant made an agreement with Howard by which the defendant "took over the location at 751 Main Street and employed . . . Howard as a salesman until about July 1, 1922." The defendant was then selling automobiles and employed the plaintiff as service manager until the early part of November, 1922. At the time the defendant took over the said location the corporation owned a number of parts, equipment, and a miscellaneous lot of repair shop tools. There was an agreement between the defendant and Howard that the defendant was to sell such of the parts and equipment as he could and to account to Howard for the proceeds, taking an agreed percentage. The defendant continued to make sales under the agreement up to and including November 3, 1922. The tools, equipment and parts not sold under the agreement remained at the same place of business.

A bill of sale dated October 7, 1922, was given by Howard to the plaintiff. It was signed "F. S. Howard Motor Car Co., By F. S. Howard, Pres." It included "all other parts, pieces of machinery and automobile parts, new and second-hand, and all Mitchell parts of every name and nature in the place at 751 Main Street occupied by the F. S. Howard Motor Car Co.," except certain articles not in dispute. The consideration purported to be "one dollar and other valuable considerations." The plaintiff testified that he bought the property "on consignment . . . to be paid for when I sold it in regular monthly statements."

The plaintiff ceased to work for the defendant on November 4, 1922. A few days later the plaintiff told the defendant that he had purchased the goods from the Howard Motor Car Company. The defendant refused to allow him to remove the property without an order from Howard. About November 15, the plaintiff sought to remove the property. The defendant again refused to allow him to do

this without an order from Howard.  The plaintiff exhibited the bill of sale and said he would hold the defendant responsible for the value of the property.  On or about December 4, the defendant received an undated communication from Howard, requesting the defendant to deliver the property to the plaintiff.  On December 4, the defendant wrote to the plaintiff by registered mail, informing him of the order and instructing the plaintiff to remove the property prior to December 7.  Again on December 13, the defendant wrote the plaintiff informing him that unless the articles were removed prior to December 16, he would store the same in a warehouse at the plaintiff's expense.  Both these letters were received by the plaintiff in the regular course of the mails.  The plaintiff made no effort after November 15 to remove the property.  On December 18 and afterwards during that month the greater portion of the articles was removed by the defendant and stored in a warehouse.

The by-laws of the corporation made no provision for the signing of an agreement by the president.  The by-laws provided that "the directors shall have the management of the affairs of the company," and invested them with all "the powers which the corporation itself possesses."  No meeting of the stockholders was held authorizing the sale of the property to the plaintiff.  Subsequently to September 4, 1926, and after the preparation of the auditor's draft report, the directors of the corporation ratified in writing the acts of Howard in the execution of the bill of sale to the plaintiff.  The bill of sale included practically all the goods, wares and merchandise then owned by the corporation.

The corporation was the owner of the articles in question. The bill of sale to the plaintiff was not executed in the name of the corporation.  It was signed, "F. S. Howard Motor Car Co., By F. S. Howard, Pres."  The title "F. S. Howard Motor Car Co." was the name under which the corporation did business.  The sale was not authorized by the directors or stockholders.

To maintain this action for the wrongful conversion of the "parts, pieces of machinery and automobile parts," the

plaintiff must have had at the time of the alleged conversion the complete property, either general or special and actual possession or the right to immediate possession of the personal property. *Winship* v. *Neale*, 10 Gray, 382. *Bacon* v. *George*, 206 Mass. 566, 570. Although Howard was the president and manager of the corporation he had no power and was given no authority to sell all the property of the corporation and to give a bill of sale of the chattels. There was no corporate action authorizing him to execute the transfer. *England* v. *Dearborn*, 141 Mass. 590. *Selden Truck Corp.* v. *Selden Truck Service Co.* 257 Mass. 58. *Horowitz* v. *S. Slater & Sons, Inc.* 265 Mass. 143. G. L. c. 156, § 42.

The ratification of the execution of the bill of sale by the directors after action was brought and after the case had been heard by the auditor does not help the plaintiff here. When he brought the action he did not own the property and had no right to possession. He then had no valid cause of action against the defendant. *Cohen* v. *Longarini*, 207 Mass. 556. See *Phelps* v. *Palmer*, 15 Gray, 499; *DeNuccio* v. *Caponigro*, 259 Mass. 365; *Cobb* v. *Library Bureau*, 260 Mass. 7.

There is nothing in *Green* v. *Kemp*, 13 Mass. 515, *Shawmut Commercial Paper Co.* v. *Auerbach*, 214 Mass. 363, *Goyette* v. *C. V. Watson Co.* 245 Mass. 577, or in the other Massachusetts decisions cited by the plaintiff in conflict with what is here decided. The cases from other jurisdictions relied on by the plaintiff do not, in our opinion, support his contention that when the action was brought he had a good cause of action against the defendant.

Whatever effect the ratification by the board of directors had on the plaintiff's title, it did not support the burden of proof resting on him to show that when action was brought he had property in the chattels or right to the immediate possession.

As the plaintiff has failed to establish his case for the reasons stated, we do not think it necessary to examine the other grounds of defence argued by the defendant.

*Exceptions overruled.*