CHAMBERS *v.* JONES, CHAIRMAN.

5-179                                      262 S. W. 2d 285

Opinion delivered November 9, 1953.

Rehearing denied December 14, 1953.

*Murry & Anders* and *Paul L. Barnard,* for appellant.

*Quinn Glover, Hibbler & Hibbler* and *Harold B. Anderson,* for appellee.

ROBINSON, J.   Appellant T. M. Chambers, Jr., was the pastor of the Arch Street Baptist Church of Little Rock.   At a meeting of the members of the church he was discharged, but he attempted to continue to function as pastor claiming that the church meeting at which his discharge was voted was illegal.   The trustees of the church and the deacons filed this suit to enjoin the Rev. Chambers from attempting to act as pastor.   A temporary injunction was granted and on a final hearing it was made permanent.

The church engaged the Rev. Chambers as pastor in February, 1947. At that time the parties made a written agreement providing among other things: ''That we adopt the New Directory for Baptist Churches by Edward T. Hiscox, which is used by the National Baptist Convention and the leading Baptist churches everywhere, as reference in church government.'' The agreement also provides: ''General business meetings should be had only when the pastor calls for them and need not be every month.''

Hiscox' Directory was not introduced in evidence; however, appellant contends that a business meeting could be called in two ways only. First, the pastor could call the meeting; it is agreed this was not done. Second, according to Rev. Charles Lawrence who testified as an expert, any member of the church at any church service could rise and make a motion that the church resolve itself into a business meeting, and if the motion carried such meeting would be held. The meeting at which it was decided to dispense with Rev. Chambers' services was not called according to either of the above methods; hence the question presented is whether the meeting was a legal one.

The meeting at which it was voted to dispense with the services of the Rev. Chambers came about in this manner. There was dissatisfaction in the church with reference to the pastor. On November 14, 1952, the Board of Deacons met in an effort to settle the matter. The pastor was invited to attend, and came in at the last of the meeting. As a result of this meeting of the deacons, a church meeting was called for January 6, and was advertised from the pulpit and in the church bulletin. However, no action was taken at the January 6 meeting with reference to the Rev. Chambers because of a question as to the legality of that meeting; but the gathering was considered a meeting of the church. Therefore at that time another meeting was called for February 3 and was advertised from the pulpit and in the church bulletin several times. Under the heading of ''Announcements,'' the following notice appeared in the church bulletin: ''To the members

of the Arch Street Baptist church, it was voted in the Church Business Meeting last Tuesday night January 6, 1953, that there will be a Business Meeting to determine by vote whether the service of Rev. T. M. Chambers, Jr., be continued or discontinued. We are asking all members to be present February 3, 1953, 8:00 P. M.''

It was thought that the meeting on January 6 was a church meeting although it was called by the deacons and not by the pastor or on motion of a member made at a devotional service on Sunday or Wednesday; and since the meeting of January 6 had been given wide publicity and was considered a church meeting, it was thought that by vote of the members present a business meeting could be called for February 3 at such time.

In the meantime on January 25 at a regular devotional service the pastor was given a vote of confidence. As heretofore stated, the February 3 meeting was advertised several times both from the pulpit and in the church bulletin.

After the circumstances attending the calling of the meetings had been explained to him, the Rev. Lawrence testified: ''Q. The Deacons, as the Board of Deacons, went before the church on January 6th and asked the church to set a date and did set the date of February 3rd which was regularly voted on and carried. What was wrong with the meeting of February 3rd? A. It was a valid meeting if the church voted to have it.''

First the Board of Deacons called a meeting for January 6; this call was advertised from the pulpit and in the church paper. At the January 6 meeting by vote of those present a church business meeting was called for February 3, and this meeting was advertised from the pulpit and in the church bulletin. At the meeting of February 3 the vote was 70 to 1 in favor of dispensing with the services of the Rev. Chambers as pastor. The Chancellor arrived at the conclusion that the testimony showed the February 3 meeting to be a legal one. We cannot say the Chancellor's finding is contrary to a preponderance of the evidence.

Affirmed.