RUSH *v.* YANCEY.

5-2494                                      349 S. W. 2d 337

Opinion delivered September 25, 1961.

*Oscar E. Ellis, Claude A. Caldwell,* for appellants.

*W. G. Wiley,* for appellees.

JIM JOHNSON, Associate Justice. This case arises from a dispute between two groups in the Pleasant Ridge Baptist Church in Izard County. This Church is congregational in its method of church government and the disagreement arose because of divergent beliefs concerning pulpit affiliations.

Appellees filed their complaint in the Chancery Court of Izard County, alleging they were the duly elected and qualified trustees and deacons and that they represented the members of the legal and majority faction of the Pleasant Ridge Missionary Baptist Church and were duly authorized by this group or faction to

institute this law suit, and that the majority faction held a legal conference on May 21, 1960, at which time a majority of the congregation voted to oust the Rev. M. E. Ford, Pastor, and to also bar the Rev. Leaman Dobbins from holding any further services in the church, and to reinstate five members that had been excluded by the minority group. The prayer of the complaint of appellees was for an injunction or restraining order to prevent appellants (defendants) from interfering with the services held by appellees, and to particularly enjoin the Rev. M. E. Ford, and the Rev. Leaman Dobbins from conducting any further services in the church. After appellees (plaintiffs) filed their suit in the Chancery Court, appellants (defendants) placed a padlock on the doors of the church to which they (appellants) carried the keys.

On the same day that appellants filed their answer, the case was tried and a decree was rendered in favor of appellees. The Chancellor's decree, in substance, sets out the following findings:

"I find that the meeting of the church in February and its actions at that meeting was legal; I hold too that the April meeting was valid, and that the exclusion of the five members was legal. I further hold that the meeting of the church on May 21 was a legal and valid meeting, and that the church record shows that the action of the church on May 21, to reinstate the five members who had been excluded, was legal and valid, and at that meeting the will of the majority of the church is shown by the record here produced to have dismissed the Pastor, M. E. Ford, and that the action of the church in dismissing Dobbins was legal and that the church effectively dismissed these two men from holding services in the church.

"I further hold that plaintiffs, M. W. Yancey, G. W. Hammett, Earl McVey, and Noel Simmons are the duly elected trustees of the Pleasant Ridge Missionary Baptist Church and are entitled to the control of the Church property until displaced by the church, and although the burden of proof is on the plaintiffs they have discharged

that burden, and are entitled to a restraining order against the defendants named in the suit. First, the defendants, M. E. Ford and L. E. Dobbins, from holding services there; second, against the Defendants, Troy Rush, Amerson Chadwick, Riley Gilbert, Dennie Neal and Bessie Rains from interfering in any way with the church worship. . . . They are not restrained from attending church there but they are restrained from interfering with the management of the church. The restraining order will apply only to the named defendants as I have set out."

For reversal, appellants rely upon five points.

Their first and second points contend that the Chancery Court had no ground to intervene in this case and that appellants should not have been enjoined.

As early as 1885 in the case of *Hatchett* v. *Mt. Pleasant Baptist Church,* 46 Ark. 291, this Court in an almost identical case to the one at bar settled the questions here presented. The Court then laid down the rule from which there has been no deviation that where a minister of a congregational church is dismissed by action of the majority of the church, and thereafter usurps the pastoral duties, such majority are entitled to an injunction to restrain him, and to prevent him and his adherents from occupying and using the church without consent of the majority. See also: *Chambers* v. *Jones,* 222 Ark. 596, 262 S. W. 2d 285; and *Monk* v. *Little,* 122 Ark. 7, 182 S. W. 511.

Appellants' third point contends that the Chancellor abused his discretion in granting the injunction. In *Elston* v. *Wilburn,* 208 Ark. 377, 186 S. W. 2d 662, the rule is reiterated that ''In congregational groups the affairs are determined by the vote of the majority of the members.'' From the church records, minutes of the Church meetings and other evidence in the record, we cannot say that the Chancellor abused his discretion.

Appellants' fourth point contends that injunction was not proper because no one knows the property owned by the Church. As we view the matter, the title

to the Church property was not in issue but only the right of each faction in the Church to the use of the property. This being true, the case must rest on who constituted the legal majority faction. Since appellants made no effort to stand on any other title, the law is plain and citations unnecessary that an adversary must recover on the strength of his own title rather than the defects of the other party. The Church records, minutes, and testimony reflect that appellees represented the majority and/or legal faction and they had the right to control the church property and manage the affairs of the church.

Appellants' fifth and last point contends that the record is in such condition it cannot be told who is right.

After carefully reviewing the whole case, on trial *de novo* we find that the records of the Church, the minutes of the meetings, the record and testimony are sufficient to show that the appellees are the legal majority faction of the Church and are entitled to the management and control of the church property.

Therefore, since the findings of the trial court will not be disturbed unless clearly against the preponderance of the evidence, the decree is affirmed.