W.T. CARTER, et al. *v.* Harry PHILLIPS, et al.

86-128                                    722 S.W.2d 590

Supreme Court of Arkansas
Opinion delivered January 26, 1987

*Tarvin & Byrd*, by: *John R. Byrd*, for appellant.

No brief filed.

ROBERT H. DUDLEY, Justice. This case involves an internal dispute among members of a congregationalist church over the use of a church building. The Chancellor held all parties are equal members of the church, denied relief to either side, and dismissed the complaint. We affirm.

In 1902, two grantors, who are not parties to this suit, deeded 2.4 acres of land to the deacons of the Unity Baptist Church in Ashley County for so long as the land was used for church and

cemetery purposes. A building was constructed and regular church services were held for many years. The church had no written rules or by-laws. By 1976, the membership had dropped to the point that the congregation felt it was no longer practical to keep the church open for regular worship services. At that time, a majority voted to discontinue conducting regular worship services, but to conduct funerals, homecomings, and, on special occasions, singing events. At the time the members voted to cease holding regular worship services, W.T. Carter was a deacon of the Unity Baptist Church.

In 1982, a new group of worshipers held a meeting to determine whether the Unity Baptist Church should be reorganized. At the meeting were a few of the old members and some new worshipers who had never attended that particular church. Ultimately, they decided to reorganize the church and formed a non-profit corporation with a board of trustees. They have no deacons and do not claim title to the real estate.

In 1984, some of the members of the original congregation filed suit in Chancery Court against members of the new congregation. The complaint was labeled "Petition to Quiet Title, For Injunction and Ejectment," but did not allege possession. The defendants, members of the new congregation, in their answer, did not question the jurisdiction of chancery court and did not question the title in the name of the deacon.

■■ We first discuss the propriety of trying the case in chancery court. Ejectment is a possessory action to be filed in circuit court, while a quiet title action is an action to be filed in chancery court by one in possession. Our most often quoted statement on the subject is contained in *Pearman* v. *Pearman*, 144 Ark. 528, 222 S.W. 1064 (1920):

> The equity jurisdiction to quiet title, independent of statute, can only be invoked by a plaintiff in possession, unless his title be merely an equitable one. The reason is that where the title is a purely legal one and some one else is in possession, the remedy at law is plain, adequate and complete, and an action of ejectment cannot be maintained under the guise of a bill in chancery. In such case the adverse party has a constitutional right to a trial by a jury.

In *Ralston* v. *Powers*, 269 Ark. 63, 598 S.W.2d 410 (1980), we wrote:

> The jurisdictional requirement that a party be in possession to quiet title to land in equity has been approved by this court many times. *Gibbs* v. *Bates*, 150 Ark. 344, 234 S.W. 175 (1921); *Rice* v. *Rice*, 206 Ark. 937, 175 S.W.2d 201 (1943); *Lowe* v. *Cox*, 210 Ark. 169, 194 S.W.2d 892 (1946).

■■ If the jurisdiction of the chancery court had been questioned, and the court had acted on the merits, we would have reversed because the plaintiffs had an adequate remedy at law. *Hesser* v. *Johns*, 288 Ark. 264, 704 S.W.2d 165 (1986). But jurisdiction was not questioned, and the parties tried the case. As we pointed out in *Crittenden County* v. *Williford*, 283 Ark. 289, 675 S.W.2d 631 (1984) and *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), when the issue is whether the chancery court has jurisdiction because the plaintiff lacks an adequate remedy at law, we will not allow it to be raised for the first time on appeal. It is only when the court of equity is "wholly incompetent" to consider the matter that we will permit the issue to be raised for the first time on appeal or that we will raise the issue. Since a court of equity is competent to try quiet title actions, we will not question jurisdiction. Even so, the Chancellor was faced with a mutually exclusive complaint, and the practical problem of deciding what the suit was about. In his finding of fact, he stated:

> The Plaintiffs have asked that the title be quieted and confirmed in the surviving deacon, W.T. Carter but that is not necessary. There is no attack on the title. The original deed placed title in the deacons of Unity Baptist Church with the possibility of reverter. There is no attempt by Defendants to claim title as against the deacons of the church.

> There is no question but that Mr. Carter was a deacon of the church in 1976. The Court cannot determine if he is still a deacon within the meaning of Ark. Stat. Ann. § 50-210, 202. The manner of election and appointment is unknown.

> *The real issue involves an internal fight as to who will*

*control possession of the building and cemetery with ill will on both sides.*

■ The appellants, plaintiffs below, in five of their points of appeal contend that the trial court erred in failing to find that title was vested in W.T. Carter, in trust, and in failing to grant ejectment, either by summary judgment or by trial on the merits. We find no error. Pleadings are to be liberally construed so that effect is given to the substance of the pleading rather than the form. *Fort Smith Symphony Orchestra, Inc.* v. *Fort Smith Symphony Ass'n, Inc.*, 285 Ark. 284, 686 S.W.2d 418 (1985). The court correctly construed the pleadings and the issues raised at trial to be nothing more than the internal fight within a congregationalist church over which group would control the use of the building. The Chancellor did not abuse his discretion in so ruling.

The Chancellor also ruled, "The Southern Baptist Convention has no legal right whatsoever in this controversy and their regulations and rules do not control the actions of Unity Baptist Church in any respect insofar as this lawsuit is concerned."

The appellants argue:

> Because the trial court failed to recognize that the traditional baptist rules and regulations are the controlling rules and regulations of the religious society in this case it committed reversible error. The trial court's finding that the baptist denomination and baptist rules and regulations have nothing to do with this case is clearly erroneous and a basis for reversal.

The trial court was correct. This dispute involved a Baptist church, and a Baptist church is a congregationalist church. *Monk* v. *Little*, 122 Ark. 7, 182 S.W. 511 (1916). In congregational churches, the affairs of a particular church are determined by the vote of the majority of the members of that church and not by some other hierarchical form of church government. *Elston* v. *Wilborn*, 208 Ark. 377, 186 S.W.2d 662 (1945).

Appellant next argues that the trial court erred in holding that both groups were equal members of the Unity Baptist Church. The Chancellor was correct. The older group had no written rules, regulations, or by-laws governing the church

operation. The Chancellor found they had a "loose knit open-door policy." The new members came in that open door and are now members of the Unity Church. All members, old and new, agree that the present church is a Baptist church and is a part of the cooperative organizational structure of the Southern Baptist Convention. All voting members of that democratic church are equal members.

Affirmed.