Vurda JONES, *et al. v.*
BETHLEHEM BAPTIST CHURCH

CA 00-1482

57 S.W.3d 217

Court of Appeals of Arkansas
Division II
Opinion delivered September 26, 2001

*Mickey Buchanan*, for appellants.

One brief only.

KAREN R. BAKER, Judge. Appellants bring this appeal challenging a decision by the Little River Chancery Court. The chancellor refused to set aside the decision of the appellee, the Bethlehem Baptist Church, which led to the expulsion of appellants from appellee's religious organization. Appellants argue that the trial court erred in finding that "notice" had been properly given to

appellants that they were to be removed as church officers and expelled as members of the church. We affirm.

In January 1996, H.L. Walter was called to fill a vacancy in the pulpit of the Bethlehem Baptist Church. While Pastor Walter was at the Bethlehem Baptist Church, the church began having problems with some members who were serving as deacons and trustees. The deacons and trustees removed Pastor Walter from the pulpit without a vote of the church membership. As a result of their actions, the deacons and trustees were removed from their positions and expelled from the church's membership. Throughout the disciplinary process, there were two church-wide meetings. The first meeting was held on February 6, 2000, where appellants were removed from their positions. A second meeting was held on February 20, 2000, where appellants were dismissed as members of the church.

At trial, Pastor Walter testified that the church used the "Busy Pastor's Guide," published by the National Baptist Convention, as a standard guide for church procedure. Specifically, Pastor Walter testified that the guide "had certain do's and don'ts and helpful hints about how to run the church." Any final decisions regarding church business were to be brought before the church body as a whole for a vote. Pastor Walter testified that the rules require that members proposed for expulsion are advised in writing of the charges against them; however, there is conflicting evidence that a writing is actually required, and the "Busy Pastor's Guide" was never made a part of the record.

Janice Dancer, the church secretary, testified specifically that she did not notify appellants or any other church member by letter regarding the February 6 meeting. Instead, the appellants and the church members were informed of the meeting by a phone call or a personal visit. Appellants were absent from the February 6 meeting; however, following the meeting, a letter was sent to appellants informing them of their removal from church office. Mrs. Dancer's testimony was internally inconsistent concerning when and how she gave notice of the February 6 meeting. However, she consistently testified that approximately one week before the February 20 meeting, she called the church members, including appellants, to inform them that a meeting was scheduled.

At the February 20 meeting, regarding appellants' membership in the church, all appellants were present. Pastor Walter testified that appellants were not only present, but were allowed the opportunity to speak on their own behalf in accordance with the rules set out in

the "Busy Pastor's Guide." In contrast, most of the appellants testified that they were not given an opportunity to speak; however, appellant Earline Cannon testified that she was given a chance to speak prior to the vote of the membership.

■■ Chancery cases are reviewed *de novo*, and the chancellor's findings will not be disturbed unless they are clearly erroneous or clearly against the preponderance of the evidence. *Crismon v. Crismon*, 72 Ark. App. 116, 34 S.W.3d 763 (2000) (citing *O'Neal v. O'Neal*, 55 Ark. App. 57, 929 S.W.2d 725 (1996)). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Stewart v. Stewart*, 72 Ark. App. 405, 37 S.W.3d 667 (2001). Due deference is given to the superior position of the chancellor to judge the credibility of the witnesses. *Holmesley v. Walk*, 72 Ark. App. 433, 39 S.W.3d 463 (2001).

■ Courts of equity, being without ecclesiastical jurisdiction, will neither revise nor question the ordinary acts of church discipline or the administration of church government. *Ables v. Garner*, 220 Ark. 211, 246 S.W.2d 732 (1952). However, the courts may properly assume jurisdiction of a dispute between factions of a church organization where property rights are involved. *Id.* at 214, S.W.2d at 734 (citing *Monk v. Little*, 122 Ark. 7, 182 S.W. 511 (1916)).

Appellants contend that the trial court erred in finding that "notice" had been properly given to appellants that they were to be removed as church officers and expelled as church members. Appellants specifically argue that appellee failed to provide them with written notice in accordance with church procedure and that they were provided no opportunity to defend themselves regarding the charges against them. The chancellor found that appellants were dismissed as officers and members of the church by a vote from the majority of members present at the two meetings. The chancellor stated that the majority of the congregation is entitled to the management and control of the church's affairs. The chancellor did not find that the church had any formal set of rules or regulations in place concerning matters of governance.

■■ Arkansas case law reflects that the rights of different factions forming a religious body under the congregational form of church government are to be determined by the membership where a majority controls. *Ables, supra*. This statement, of course, assumes that the vote has been cast according to established rules.

*Id.* It also presupposes that from a doctrinal standpoint there has not been such an abrupt departure from congregational principles as to discredit the prevailing group as a matter of law. *Id.* The Georgia Supreme Court has held that, at a minimum, before a member can be expelled from a religious society, notice must be given him to answer the charge made against him and an opportunity offered to make his defense. *Bagley v. Carter*, 285 Ga. 624, 220 S.E.2d 919 (1975). Without such notice and an opportunity to be heard, the order of expulsion is void. *Id.*

■ Pastor Walter and Erline Cannon testified that the appellants were given an opportunity to speak at the February 20 meeting. In addition, Janice Dancer testified that the appellants were given notice of both the February 6 and the February 20 meeting. Moreover, all of the appellants were present at the February 20 meeting. The testimony of the witnesses in this case was frequently internally inconsistent, and also conflicted with the testimony of other witnesses. When evidence is contradictory, we give due deference to the superior position of the chancellor to judge the credibility of the witnesses. *Holmesley, supra.* We cannot say that the chancellor's findings in this case were clearly erroneous; thus, we affirm.

JENNINGS and CRABTREE, JJ., agree.