Robert McCREE *v.* Shirley WALKER, *et al.*

CA 02-398                                        101 S.W.3d 276

Court of Appeals of Arkansas
Division I
Opinion delivered March 19, 2003

*James M. Pratt, Jr.*, for appellant.

*Claudell Woods*, for appellees.

TERRY CRABTREE, Judge. This is an appeal from an order upholding the validity of a church meeting at which a majority of the congregation voted to dismiss appellant, Robert McCree, as their interim pastor. Appellant contends on appeal that the trial court's decision is clearly against the preponderance of the evidence. We disagree and affirm.

This case involves a dispute within the New Mount Hebron Baptist Church in Camden, Arkansas. In April 2000, the church's pastor and seventy-one of its members left to form a new, non-Baptist church. At that time, a majority of the congregation voted that the departing pastor and members would be allowed to take half of the church's funds with them. A church meeting was held

on April 14, 2000. Upon invitation, the meeting was conducted by Reverend E.A. Porchia, a moderator of the Ouachita Baptist District Association, an organization to which Mount Hebron Church belonged. At this meeting, a majority selected appellant to serve as the interim pastor. Later, a pulpit committee was formed for the purpose of finding a permanent minister.

Conflict arose almost immediately between appellant and members of the congregation. Chief among the problems was appellant's decision to file suit to recover the money that had been given to the departing pastor and former members of the church. Another matter of concern was appellant's decision to open another church bank account without consulting the membership or seeking its approval. A church meeting was held to address these and other concerns on May 9, 2001. A majority of those present voted to dismiss appellant as the interim pastor and to write the attorneys hired by appellant to inform them that the church had not authorized appellant to institute the litigation.

Appellant called a "special meeting" on May 12th. Reverend Porchia was again in attendance upon appellant's invitation. Reverend Porchia advised the membership that the actions taken by them in the May 9 meeting were invalid on the ground that the meeting was not properly called because the meeting and its purpose were not announced for two weeks prior to its being held. As a result, the members voted to rescind appellant's dismissal.

On July 24, another meeting was held at the church. Testimony was presented on behalf of appellees that the place, time, and purpose of the meeting were announced in church on two, consecutive Sundays by Willie Johnson, Chairman of the Board of Deacons. Witnesses for appellant stated that only one announcement was made by Deacon Johnson and that he did not state the purpose of the meeting in his announcement. All witnesses agreed, however, that after Deacon Johnson made an announcement, appellant called the proposed meeting "out of order" and declared that it would not be held. Nevertheless, thirty-seven members convened on the scheduled date. The meeting was conducted in the church parking lot because the doors to the church had been locked. A sheriff's deputy was called to the church, who had a phone call placed to appellant requesting that the doors be opened. Appellant advised, however, that the members had no business being there and that they should leave. In the parking lot,

the members present unanimously voted to remove appellant as the interim pastor.

Appellant, however, refused to vacate the pulpit, and a few days later during a Bible study class appellant "silenced" those members who had been present at the July 24 meeting.[1] It was said that a member who has been "silenced" is stripped of his or her voice in the church and is not allowed to vote on church matters.

In February 2001, a meeting was called for the purpose of selecting a permanent pastor. Some forty-five members were in attendance, and appellant was one of two candidates on the ballot. It is undisputed that appellant refused those members who had been silenced the opportunity to vote. Of the remaining twenty members who were permitted to vote, thirteen voted for appellant.

In June 2001, this lawsuit was filed seeking an order declaring that appellant was not the lawful pastor of the church and an injunction enjoining him from occupying the pulpit. An accounting was also requested.[2] The trial court ruled that the meeting held on July 24, 2000, was valid, that appellant had been properly dismissed, and that any subsequent acts taken by appellant after that meeting, including the silencing of the members and his calling of the February 2001 meeting, were null and void. This appeal followed.

■ Honoring the principle of keeping church and State separate, courts do not intervene to determine controversies relating to purely ecclesiastical or spiritual features of a church or religious society. *Elston v. Wilborn*, 208 Ark. 377, 186 S.W.2d 662 (1945). However, courts do not hesitate to assume jurisdiction when a schism affects property rights. *Holiman v. Dovers*, 236 Ark. 211, 366 S.W.2d 197 (1963).

■ ■ Baptist churches are congregational churches in form and structure. *Carter v. Phillips*, 291 Ark. 94, 722 S.W.2d 590 (1987). In congregational churches, the affairs of a particular

---

[1] The record also shows that appellant silenced several other members who questioned appellant's handling of church finances.

[2] The financial records appellant provided disclosed that, in addition to his salary of $300 a week, appellant was paid a $3,000 bonus in February 2001. An expenditure of $4,500 was made for the purchase of a computer, which appellant kept at his home. Also, appellant's wife was paid $271 a month for her services as church clerk and janitor.

church are determined by the vote of the majority of the members of that church and not by some other hierarchical form of church government. *Id.* Each church is considered independent of any external authority with respect to its own affairs. *Ables v. Garner,* 220 Ark. 211, 246 S.W.2d 732 (1952). Our courts have followed the rule that where a minister of a congregational church is dismissed by the action of the majority of the church, and thereafter usurps the pastoral duties, the majority is entitled to an injunction to restrain him and to prevent him and his adherents from occupying and using the church without the consent of the majority. *Rush v. Yancey,* 233 Ark. 883, 349 S.W.2d 337 (1961).

■ On appeal, such cases are reviewed *de novo,* but the trial court's findings will not be disturbed unless they are clearly against the preponderance of the evidence. *Jones v. Bethlehem Baptist Church,* 75 Ark. App. 152, 57 S.W.3d 217 (2001). Due deference is given to the superior position of the trial court to judge the credibility of the witnesses. *Id.*

In this appeal, appellant argues that the July 24 meeting was called in an improper manner. He bases his argument on testimony that meetings may only be called by the pastor, not by a deacon or any individual member of the church. It was further stated that, if the pastor refuses to call a meeting, then the members may override the pastor's veto by voting to hold a meeting. Appellant contends that the meeting was invalid because, in light of his objection, there was no evidence that the members voted to have the meeting. We find no merit in appellant's argument.

■ First, the trial court found that the meeting was properly called because the place, time, and purpose of the meeting were announced two weeks in advance and that this was the only requirement the majority deemed necessary to call a meeting. The trial court obviously rejected the testimony, as a matter of credibility, that there was an additional requirement that a majority must also meet and vote to call a meeting prior to the announcements. Even so, we note that there was testimony that a majority of the members did ask Deacon Johnson to call the meeting. Therefore, even accepting appellant's view as to proper procedure, there was testimony that the procedure was followed. Moreover, the procedure appellant advocates came out of reference books used by the Ouachita Baptist Association. However, it is undisputed that the church membership had not specifically

adopted those procedures and that the association had no authority over the church. Since the procedures appellant relies on had not been adopted by the church, and because the association cannot impose its own procedures upon the church, it cannot be said that the church was bound by the procedures appellant espouses. We further observe that appellant was elected to temporarily fill the vacancy in the pulpit. There was testimony that in that capacity appellant only had so much authority as the majority saw fit to give him. As shown by their actions, it is clear that the majority did not grant appellant the authority to prevent the calling of meetings and thereby allow him to occupy that position indefinitely, despite the will of the majority.

Affirmed.

HART and BIRD, JJ., agree.