FITZHUGH *v.* LEONARD.

Opinion delivered June 17, 1929.

*Hill, Fitzhugh & Brizzolara, Coleman & Reeder, S. M. Casey* and *Shields M. Goodwin,* for appellant.

*Oscar Ellis, H. A. Northcutt, J. H. Carmichael* and *J. Paul Ward,* for appellee.

BUTLER, J. This is a case where Leonard, the appellee, undertook to sell for the appellants a farm for the sum of $17,000, and to take in exchange other property, with the understanding that he, appellants, and one Headstream were to dispose of the property received in exchange for the farm, and he was to receive as his compensation one-third of the amount realized in excess of $17,000. The exchange of properties was made between appellants, Fitzhugh and Goodnight, and Garner

Brothers, the property received from Garner Brothers being a farm of the agreed value of $6,000, $4,732.27 in cash, and notes and a stock of merchandise at Calico Rock, which was taken over at ninety cents on the dollar, and at that figure amounted to $11,869.54, and certain fixtures of the agreed value of $3,398.19. Leonard brought suit for his commissions, and recovered, in an action in the Izard County Circuit Court, a verdict for $3,000, and the court rendered judgment for that amount. From that verdict and judgment an appeal was prosecuted to this court, where, on the 28th day of November, 1927, the case was reversed, and remanded, because at that time it was impossible to determine what, if any, profit Fitzhugh had made on the sale of the farm, as the stock of merchandise had not then been disposed of, the court holding that, before Leonard could recover, he must show by a preponderance of the testimony that the amount realized from the property received in exchange of the farm amounted to more than $17,000. *Fitzhugh* v. *Leonard,* 175 Ark. 580, 299 S. W. 1006.

On the second trial, from which this appeal is prosecuted, Leonard filed an amendment to his complaint, alleging, in substance, that, under the agreement, he was to assist appellants in disposing of the merchandise, and that appellants took complete and exclusive charge of same, and refused to allow appellee to take any part in the disposition of the merchandise or in the expense attached to the disposition of the same, which made it difficult for him to ascertain the amount received, and that the entire stock of goods had been disposed of at or before that time. He also alleged that the goods were improvidently disposed of, and that, had the appellant used ordinary business care and judgment in the disposition of the merchandise, a greater amount would have been realized therefrom, and that the total amount which had been or should have been realized from the merchandise and other property was greatly in excess of $17,000. The trial resulted in a verdict and judgment for appellee in the sum of $1,993.

While numerous assignments of error are made by appellants in their motion for a new trial, we will pass upon only such as are called to our attention in their argument and brief.

The appellants contend that the court erred in permitting testimony to be introduced to the jury relative to the value of the Garner stock of goods and what it should have brought, on the theory that, according to the decision of this court on the first appeal, this evidence was not material, and tended to confuse the jury as to the real issue. As we view this case, the appellants' position on this question is unsound. The issue was, what was the amount received by appellants for the Garner stock of goods? This evidence was material as circumstances tending to shed light upon that question.

Complaint is made that the court declined to permit Mr. Fitzhugh to testify as to the value of the fixtures. The fixtures had been sold to Jeffery by Fitzhugh at an agreed price, which appears to have been the same value as fixed between Garner and Fitzhugh in their trade; this evidence would therefore have been immaterial, as there is no dispute as to the fixtures having been sold at a fair price. If Fitzhugh had got more for them than they were worth, he is certainly in no position to complain.

Appellants' contention that prejudicial error was committed by the court in refusing to permit witness Marsh to state how much money was paid out for the purchase of new stock, is untenable, because this was testified to by Mr. Fitzhugh without objection, he having stated that, between the time he bought from Garner and sold to Jeffery, he bought $4,300 of new goods.

It is evident that Mr. Fitzhugh had no first-hand knowledge of how the stock of merchandise was disposed of, except in a general way and as reported to him by his agents, and therefore was in no position to state that the goods were sold for as good a price as could be obtained, for, in his testimony, in answer to the question: "What did you do towards getting rid

of that stock of goods?'' he said, ''I could not handle it. I told Dock Headstream, 'If you will go run the business and employ the hands' I would trade, and would loan him a clerk, Mr. Chaney, to run up once in a while and look it over.'' The court therefore properly refused to permit him to testify that the goods were sold for as good a price as they could get for them, as this conclusion would have been necessarily founded on hearsay. And Headstream testified for appellant that the goods were sold for the best price obtainable.

We think that whatever error the court might have made in the refusal to permit a witness to testify to any fact was cured by the admission of other testimony of equal probative value.

The exclusion of competent evidence, while error, is not prejudicial where other evidence of equal probative value, tending to establish the same fact, is admitted. *Harris* v. *Ashdown Potato Curing Assn.,* 171 Ark. 399, 284 S. W. 755; *Payne* v. *Thurston,* 148 Ark. 456, 230 S. W. 561.

The appellants also insist that instruction No. 8, requested by the appellee and given by the court, was error, the instruction being as follows: ''If you believe that the defendant did not use reasonable business judgment and acumen in disposing of the Garner merchandise and fixtures, then plaintiff is not bound by the amount which defendant actually received, but you may find what amount should have been received, if handled in a reasonable and business-like way.''. The reason given by the appellants in contending that this instruction was reversible error was ''there is not one scintilla of evidence to support it.'' The court is of the opinion that there was some evidence to support this instruction, and that its giving was not error.

Appellants also contend that the court should have given a peremptory instruction to the jury directing a verdict for the defendants. This seems to be the real ground upon which the appellants stand for reversal of this case, as they and the appellee are practically

agreed that the determination of this case rests upon this question of fact, as stated by the appellants in their brief at page 43: ''What did appellants receive in money and property for their Mason Bend farm? If they received more than $17,000, then the appellee is entitled to one-third of the excess; if they received less than $17,000, appellee is entitled to nothing.'' Appellants insist that the uncontradicted evidence shows that less than $17,000 in money and property was actually received by the appellants, and the court erred in refusing to direct a verdict for appellants. This question was submitted to a jury under proper instructions, and the question now presents itself to this court whether there was any testimony tending to sustain the appellee's claim. This has given the court much concern, but, after a careful examination and analysis of the record, we have concluded that there was sufficient evidence, direct and circumstantial, to warrant the trial court in submitting the case to the jury. This case has been twice presented to a jury, which each time has found the issues in favor of the appellee, and we feel that it would serve no useful purpose to set out the evidence adduced at the trial of the case. The judgment must be affirmed because of the well-settled rule of this court that 'he verdict of the jury will not be disturbed if there is any substantial evidence at all for their consideration.

HUMPHREYS, J., (dissenting). Mr. Justice KIRBY joins me in dissenting from the majority opinion upon the ground that no substantial evidence appears in the record tending to show that appellee received more than $17,000 for the stock of goods and other property received in exchange for the farm.