GEAN LEWIS *v.* J. C. LEWIS

5-5216                                    453 S. W. 2d 22

Opinion delivered April 27, 1970

*G. E. Snuggs,* for appellant.

*Berl Anthony,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant, the wife of appellee, filed a petition in chancery court for support and maintenance and for an order restraining appellee from harming her. Appellee answered and filed a counterclaim for divorce on the grounds of personal indignities.

The immediate impetus for these actions was an occurrence on August 3, 1969, when, according to appellant, appellee became drunk and tried to kill her. She testified that the neighbors called the police who arrested appellee and that appellee was subsequently fined $170 for drunkenness and disturbing the peace and sentenced to 30 days in jail for assault upon her. Appellee states that he was falsely arrested (urging this as one of the causes for divorce) but admits that "he was arrested and fined $175 and put in jail."

In support of her petition appellant testified that appellee frequently drank intoxicating liquors and became drunk and cursed her and her daughter, spent most of his earnings on liquor, failed to support appellant and her daughter, and that as a result of his assaults upon her, occurring over the last year and a half, she was bruised and sore all over her body. She also stated that after appellee got out of jail he had left her and was living away from her. While appellee denied all of these accusations except that he was now living away from her, he stated that he had "quit drinking, but before he quit he bought liquor from nearly every liquor store in El Dorado, but principally from 'Guy's' . . . and from 'Michael's' . . ."[1]

---

[1] This testimony was apparently given a "little over a week" after appellee was arrested.

Appellee, in supporting his complaint for divorce, testified that appellant cursed and fussed at him constantly, bought things without his consent, incurred indebtedness which she did not pay and checked on him at work. He also said that she had assaulted him. Appellee's fellow employees corroborated his testimony that appellant had checked on him at work and had fussed at him and cursed when she came to a job at which he was employed. Billy Martin, a co-worker and friend of appellee, testified that he had been to the parties' home on three occasions and each time had heard appellant cursing and fussing with appellee. He further testified that appellant was a jealous person and "has a very great interest in the defendant, and would do anything to help him out."

Appellant denied the accusations of appellee and then offered the testimony of a television repairman who testified that he had been called to the home of the parties two or three times to make repairs, that each time appellee was drunk or drinking and used "vile and indecent language" towards and about the appellant and her daughter in their presence.

The court's final decree granted appellee an absolute divorce on the grounds of personal indignities and dismissed appellant's petition for want of equity.

Although appellant urges several points for reversal, it is only necessary that we consider the issue of recrimination since this appeal is determined by our disposition of this point. Assuming that the conduct of appellant was such as to warrant granting appellee a divorce, the question arises as to the circumstances under which the doctrine of recrimination is to be applicable. It seems that it is not necessary for the court to reach the issue whether each party has proved a right to a divorce. The rule as applied in Arkansas is stated in *Cate* v. *Cate*, 53 Ark. 484, 14 S. W. 675, thusly: "But when the parties are *in pari delicto*—the conduct of each being a constant aggrava-

tion to further offense by the other—the courts ought not to interfere at the instance of either. * * * It is not necessary to recapitulate the evidence and determine whether the conduct of either would be sufficient to warrant a divorce, provided the other was less guilty. It is immaterial, for we find them about equally in fault, and an application of the legal principle above set forth to the facts of the case, which we have examined with care, leaves neither in a position to demand the interposition of the court." See *Narisi* v. *Narisi*, 229 Ark. 1059, 320 S. W. 2d 757; *Widders* v. *Widders*, 207 Ark. 596, 182 S. W. 2d 209.

The rule stated above seems at first blush somewhat inconsistent with the doctrine of comparative rectitude applied in *Longinotti* v. *Longinotti*, 169 Ark. 1001, 277 S. W. 41; and *Ayers* v. *Ayers*, 226 Ark. 394, 290 S. W. 2d 24. In both *Ayers* and *Longinotti*, the fault of each party was examined and the party less at fault was granted a divorce even though both parties had established a right to a divorce. However, the rule in Arkansas is that recrimination is applied only where the parties are equally at fault. When the parties are found to be equally at fault, it is not thereafter necessary to determine whether either or both have proved a right to a divorce.

If, indeed, appellee produced evidence sufficient to show that he had grounds for divorce, the doctrine of recrimination is applicable, because evidence that his fault was at least equal to appellant's culpability preponderates. As we view the evidence, it discloses that even though appellant did not ask a divorce, grounds equal in degree and validity to those of appellee are shown at least as clearly as are his grounds. Upon this state of the record, appellee is not entitled to a divorce.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

George Rose Smith, J., not participating.