WAYNE MASSEY ET AL *v.* MRS. FLOYCE PRICE

5-5916                                        480 S.W. 2d 337

Opinion delivered May 22, 1972

*Spencer & Spencer*, for appellants.

*Nolan, Alderson & Jones*, for appellee.

LYLE BROWN, Justice. This is a dispute over the location of a boundary line between the Masseys, appellants, and Mrs. Floyce Price. appellee (plaintiff below). In addition, appellee contends that she has acquired an easement for ingress and egress to her property over a circular drive the southern tip of which is on appellants' property. The trial court held for appellee on

her two points, both on the theory of adverse possession. Appellants attack the sufficiency of the evidence.

Eight witnesses testified for appellee and nine for appellants. As is usually the situation in this type of case the evidence was in substantial conflict. As to the boundary dispute it is concerned with a tract of land some seventeen feet in width across the south side of appellee's property and the north side of appellants' property. We summarize the highlights of appellee's proffered evidence. In 1946 the Price family repaired the south fence on their property, believing that the fence was on the property line. They followed a line on which an old fence was recognizable; they farmed the area up to the old fence beginning in the late nineteen forties; they ran livestock up to the old south fence line; a logging contractor cut timber for both parties up to the old line fence on both sides; appellee built a small enclosure for a pony and tied into the south line fence; and they made a garden for ten years up to and including the disputed area. Appellee testified that it was not until 1970 when the Masseys, after a survey, first indicated that the fence was not on the true forty line. Events immediately following that revelation culminated in the filing of suit by appellee.

Appellants' evidence strongly disputed that of appellee. They said the disputed strip was used as a lane by the predecessors in title of the present owners; that the north fence which helped form the lane was at approximately the true boundary line; that in 1932, by mutual agreement, the Price fence was torn down and D. C. Price (appellee's predecessor in title) joined the Massey's fence on the south; and that it was agreed that the location of the two fences would not affect the true boundary line.

It would be of no service to the bench and bar generally to summarize the testimony of the seventeen witnesses, all of which we have carefully scrutinized from the abstract of the evidence. Suffice it to say that we conclude that the finding of the chancellor was not contrary to a clear preponderance of the evidence. In order

for adverse possession to ripen into title it is axiomatic that the possession must be open, actual, notorious, continuous, hostile, and exclusive under a claim of right. *Montgomery* v. *Wallace,* 216 Ark. 525, 226 S. W. 2d 551 (1950). The chancellor determined that appellee had met those requirements and we cannot say he was in error. It is true that appellee bore the burden of establishing title by adverse possession by a greater weight of the evidence. Of course "greater weight" does not mean the greater number of witnesses; just as important is the credibility of the witnesses and the chancellor is in better position to evaluate credibility than is this court. *Loftin* v. *Goza,* 244 Ark. 373, 425 S. W. 2d 291 (1968).

This brings us to the claimed easement for a driveway. Appellee's home is situated in proximity to the road on the west leading to Strong, Arkansas. In 1959 appellee and her husband constructed a driveway roughly in the shape of a half moon. The driveway begins on the north side of appellee's property and exits some 300 feet on the south side. The extreme south end of the driveway indisputably encroaches on the Massey property. The stated reason for the encroachment was that it was necessary to avoid a ditch alongside the highway. Appellee candidly stated that she was aware that she was going onto the Massey property and "I suppose I just assumed he was my neighbor and didn't object and assumed I was doing it with his permission, which I suppose I was." For use by permissiveness to ever ripen into title, the claimant must put the owner on notice that the way is being used under claim of right. *Stone* v. *Halliburton,* 244 Ark. 392, 425 S. W. 2d 325 (1968). We think the evidence in this case falls short of establishing a claim of right by appellee and we accordingly reverse the chancellor in his holding with respect to the easement.

Affirmed in part, reversed in part.