GEAN LEWIS v. J. C. LEWIS

73-117                                    502 S.W. 2d 505

Opinion delivered November 26, 1973
[Rehearing denied January 14, 1974.]

*G. E. Snuggs,* for appellant.

*Nolan, Alderson & Jones,* for appellee.

JOHN A. FOGLEMAN, Justice. The marital difficulties of these parties were before this court in *Lewis* v. *Lewis,* 248 Ark. 621, 453 S.W. 2d 22. Appellant Gean Lewis was also appellant on that occasion, when we reversed a decree of divorce on the ground of indignities to the

person granted on a counterclaim filed by appellee J. C. Lewis in appellant's suit for separate maintenance. Our reversal was based upon the doctrine of recrimination because we found that the record showed the parties to be equally at fault. We remanded the case for further proceedings not inconsistent with the opinion rendered. It appears that the chancery court later awarded appellant temporary support and maintenance and attorney's fees and the right to occupy the dwelling house in which the parties lived before separation.

In September, 1970, appellee filed another suit for divorce, alleging indignities to the person and adultery, stated as conclusions only. Appellant denied these allegations and counterclaimed for separate maintenance and support of a minor child. This case was dismissed on January 4, 1972, for want of prosecution. The present action was filed by appellee September 28, 1972. In this complaint, he alleged three years' separation without cohabitation as grounds for divorce. Appellant admitted in her answer that the parties had lived apart but alleged that they had sexual relations since their separation, specifically in March, 1971, upon appellee's promise to return to their home and conjugal relations, and that this action was recriminatory. The chancery court granted a divorce to appellee, denied alimony to appellant and denied her any property except for furnishings and appliances in the home occupied by her.

For reversal, appellant contends the court erred by granting a divorce on the uncorroborated testimony of appellee, by finding that appellant's testimony about sexual relations between the parties was not corroborated and that this failure of proof justified appellee's failure to produce corroborating evidence, by denying appellant homestead and dower rights and by denying her any support and maintenance by appellee.

Of course, corroborating testimony is as essential to the granting of a divorce on the ground of three years' separation as it is in any other case. But, as in any other case, where it is plain that the divorce action is not collusive, the corroboration may be comparatively slight. *Owen* v. *Owen,* 208 Ark. 23, 184 S.W. 2d 808;

*Allen* v. *Allen,* 211 Ark. 335, 200 S.W. 2d 324. The acrimony emanating from this record dispels any thought of collusion between these parties. Still, to constitute corroborating evidence there must be testimony relating some substantial fact or circumstance independent of the plaintiff's testimony which would lead an impartial and reasonable mind to believe that material testimony of the plaintiff is true. *Welch* v. *Welch,* 254 Ark. 84, 491 S.W. 2d 598.

Appellant's major argument on this point is based upon the inability of appellee's corroborating witnesses to account for every moment of his time, particularly in view of appellant's positive testimony that the two met on numerous occasions and, on at least one of them, kept an all-night rendezvous for the agreed and accomplished purpose of copulation. If her testimony was accepted as true, of course there was not a three-year separation without cohabitation because this court has defined the word "cohabitation" in the divorce statutes to mean "sexual intercourse." *Ross* v. *Ross,* 213 Ark. 742, 213 S.W. 2d 360. The chancellor seems to have rejected appellee's version as incredible, because he stated in his findings upon which the decree was based that he did not believe, in view of the history developed in the course of the litigation before him, that appellee would defeat his cause of action for divorce by engaging in sexual intercourse with appellant on a single occasion. In arriving at this conclusion, as a fact finder, he drew the permissible inference that appellant's failure to produce the witnesses (her niece and nephew) she had stated would corroborate her testimony in this regard was indicative of their inability to do so, particularly when appellant had been given time to produce the witnesses, after which her attorney expressed doubt that the testimony of some of them would have any probative value. See *Arkansas State Highway Commission* v. *Phillips,* 252 Ark. 206, 478 S.W. 2d 27. Of course, we seldom reverse a chancellor's findings as to credibility, particularly where, as here, the witnesses appeared before him. *Marine Mart* v. *Pearce,* 252 Ark. 601, 480 S.W. 2d 133 *Massey* v. *Price,* 252 Ark. 617, 480 S.W. 2d 337; *Dodds* v. *Dodds,* 246 Ark. 313, 438 S.W. 2d 54. We cannot

do so here upon a cold, written record. It should be noted that appellee flatly denied that the incident upon which appellant relies ever occurred.

This leaves the case turning upon the adequacy of the corroboration of appellee, insofar as this point is concerned. His corroborating evidence cannot be called conclusive because the parties had lived in the same city, El Dorado, and admittedly had seen one another on many occasions. Appellee had lived with his sister, Mabel Adams, and her invalid husband, since August 10, 1969, the alleged beginning date of the three-year separation. Mabel Adams testified that Lewis had spent not more than six nights away from her home in more than three years next preceding her testimony. She included in these nights occasions when he accompanied her and her husband in going to Texarkana. Even most of these occasions, she said, he would eat supper at her house before leaving, and she fixed breakfast for him every morning before he went to work at 7:00 to 7:30. She said her brother had never been out late at night, but admitted that she did not know where he went whenever he left her house after supper, as he did on numerous occasions.

Johnny Ray Lee said that he had worked with Lewis in the employ of Hampton Construction Company off and on for 20 years, and that he saw Lewis every day when they worked on the same job. He testified that, during the preceding three years, Lewis had spent four or five nights with him when the two were going fishing early the following mornings. James Crain testified that his father-in-law owned the Hampton-Crain Construction Company, to which Crain had come in 1960 and by which Lewis had been employed for 15 years. Crain said that he had seen Lewis on the job several times every day, but had not seen Lewis with appellant in two or three years. He said appellant often came by the job where Lewis was working, but would just sit in the car for several hours at a time without speaking to anyone. He stated that Lewis attended church regularly, going Sunday mornings and nights, Wednesday nights and any other time there was a church function. John Hampton testified that Lewis was a dependable car-

penter and had been employed by his company for more than 15 years. He corroborated Crain's testimony about Lewis' church attendance.

Lewis testified he had talked to appellant five or six times over the three-year period, had only seen her at night in passing uptown, and had spent only three, four or five nights away from the Adams home. He said that any other nights spent away from that house had been spent with the family at Texarkana on occasions such as holidays. He said that during the period he had spent the night with Johnny Lee when they wanted to get an early morning start on a fishing trip. We agree with the learned chancellor that it would have been virtually impossible for appellee to have produced witnesses, other than himself, who, singly or collectively, could account for his whereabouts every hour during the three-year period. Certainly, it was not intended that one seeking to establish this ground for divorce should have to produce corroborating evidence which would show the lack of cohabitation as convincingly as might be required to show nonaccess in paternity cases. The corroboration here is admittedly slight, yet it seems that Lewis called as witnesses those who would be most likely to know his whereabouts most of the time during the three-year period. We are unwilling to say the chancellor erred in finding the testimony of these witnesses was sufficient, in this bitterly contested case, to lead an impartial and reasonable mind to believe that the material testimony of Lewis was true.

The denial to appellant of property rights and support also presents a difficult problem. The chancellor's findings of fault are only implicit in his denial of alimony and his holding that she was not entitled to any of appellee's property or interest threin, except for the furnishings and appliances located in the home at 1225 Rock Island Street. Appellant gives us little aid on these points. The complete argument of appellant on them reads:

> The Chancery Court was in error, of course, in returning to Gean Lewis the property she brought to 1225 Rock Island Street at the request of her hus-

band, in full settlement of the property rights of the wife, and the wife's right of support and maintenance by her husband. *Rose* v. *Rose,* 254 Ark. 607, 495 S.W. 2d 524; *McCormick* v. *McCormick,* 246 Ark. at p. 344, 438 S.W. 2d 341.

In *Rose* v. *Rose,* 254 Ark. 605, 495 S.W. 2d 524, we said that the chancellor should render a ruling as to which party is at fault if the wife seeks alimony or a property division, and a divorce is granted upon the ground of three years' separation. In *McCormick* v. *McCormick,* 246 Ark. 348, 438 S.W. 2d 23, we said when a divorce is granted on this ground, the question as to who is the injured spouse is then considered in the settlement of property rights and the question of alimony.

It has been suggested that these issues should not be considered by us because the failure to argue them constitutes a waiver. See *Commercial Standard Insurance Co.* v. *Coffman,* 245 Ark. 1005, 436 S.W. 2d 83. It has been implied that we will pass upon such assignments of error as are called to our attention in appellant's brief and argument. *Fitzhugh* v. *Leonard,* 179 Ark. 816, 19 S.W. 2d 1010. Appellant had stated these points as follows:

Error of the Chancery Court in its finding and judgment that the wife, Gean Lewis, is not entitled to homestead and dower rights in the properties of her deserting husband.

Error of the Chancery Court in its finding and judgment that the wife, Gean Lewis, is not entitled to support and maintenance by her deserting husband, J. C. Lewis.

The rule of waiver should not be as strictly applied in an equitable proceeding as in one at law, because an appeal in chancery opens the whole case for review as to all points raised in the court below and the law and facts are examined the same as if there had been no decision at nisi prius and a decree rendered upon such record. *Woodruff* v. *Core,* 23 Ark. 341; *Arkansas Bankers' Association* v. *Ligon,* 174 Ark. 234, 295 S.W. 4; *Grayson* v. *Bowie,* 197 Ark. 128, 122 S.W. 2d 536. This

does not mean the record is thrown open for a search for error or that a mere statement of a point requires review. It does mean, however, that appellant's argument, scant as it is, must be taken to be sufficient to raise the issues. It is significant that appellee has taken it to be so without any suggestion that these points have been waived.

The finding of the chancellor in this regard seems to have been made without any actual determination of fault or finding as to who was the injured party. He said:

Here the Defendant does not seek alimony or a division of property because she denies Plaintiff's grounds for divorce. She does, however, seek separate maintenance and possession of the home which the Court assumes requires it to determine the question of alimony and division of property. The "injured party" as used above means the party not at fault or the party at less fault. In Lewis v. Lewis, supra, the Court denied the Plaintiff herein a divorce under the doctrine of recrimination. The Court stated "However, the rule in Arkansas is that recrimination is applied only where the parties are equally at fault."

The parties lived together as husband and wife a little over three years. Plaintiff has furnished the Defendant a home to live in since they separated in August of 1969 and has paid her $20.00 per week support since June of 1970. The Court is of the opinion that the Defendant is not entitled to alimony or any of the Plaintiff's property or interest therein except for the household furnishings and appliances located in the home at 1225 Rock Island Street, which should be awarded the Defendant.

When we consider that, on the previous appeal from a decree on September 16, 1969, the parties were found by us to be equally at fault, a determination that appellant was not entitled to a property division or alimony must be based, to a great extent, upon evidence before the court in this case. Yet, this evidence was devoted almost exclusively to the question relating to the

extent of the period of separation without cohabitation. We have held that where there is fault on both sides, alimony should be awarded. *Clarke* v. *Clarke*, 201 Ark. 10, 143 S.W. 2d 540. In that case, we overruled the chancellor's denial of alimony and awarded $30 per month until the decree became final and $15 per month thereafter. We have also held that, even though the wife was principally at fault in the separation, she should receive an allowance for support where the evidence does not warrant the conclusion she was altogether to blame or that the husband was not partially responsible for the separation. *Grytbak* v. *Grytbak*, 216 Ark. 674, 227 S.W. 2d 633. Again we modified a decree denying relief to the wife by awarding alimony. In neither case was there any evidence that there was any substantial amount of property involved. It does appear that in this case there is a dwelling house which constituted the marital abode and in which appellant has lived since the separation. Ordinarily, where the wife is less at fault, or where she is the injured party, she would be entitled to the statutory award of an interest in the husband's property, but her wealth and income are to be considered in determining whether she receives the full amount. *Alexander* v. *Alexander*, 227 Ark. 938, 302 S.W. 2d 781.

The holding of this court as to fault on the appeal in the previous case is not res judicata of appellant's property and alimony rights because of our finding that the parties were equally at fault, according to *Narisi* v. *Narisi*, 233 Ark. 525, 345 S.W. 2d 620. However, we have said it would be res judicata of the issue of fault at that time. *Carty* v. *Carty*, 222 Ark. 183, 258 S.W. 2d 43. The statute does leave the court a wide latitude in considering matters and events beyond the usual scope of inquiry. In determining who is the injured party, any material and relevant evidence pertaining to matters and events both preceding and following the separation may be admitted. *Narisi* v. *Narisi*, supra; *Alexander* v. *Alexander*, supra.

The trial court in the first instance and this court, on appeal, are vested with broad powers and a wide latitude of discretion in determining the proper award

of.dower and alimony when a divorce is granted on this ground. *Narisi* v. *Narisi,* supra; *Martin* v. *Martin,* 225 Ark. 677, 284 S.W. 2d 647. However, it is clear that there should be a determination of fault or of who is the injured party as a basis for the exercise of that power.

The general rule in equity cases is that, with the evidence fully developed, we should decide the case here without remanding it to the chancery court. *Narisi* v. *Narisi,* supra. We have, however, exercised our power to remand any case in equity for further proceedings when it is clear to us that the chancery court's decision has been based upon an erroneous theory, where we cannot determine from the record before us the rights and equitites of the parties and where the chancellor is in a better position to pass upon the issues because of his familiarity with the circumstances and considerations surrounding the issue. *Wilson* v. *Rodgers* (on rehearing) 250 Ark. 335, 468 S.W. 2d 739, 750.

This is a case coming clearly within the exception to the general rule. A compelling factor in our determination to remand is the peculiar situation which obtains with reference to the records of prior litigation between the parties. Appellant, at the incepton of the trial in this case, asked to be heard on her motion for disqualification of the chancellor, even though her attorney acknowledged that he was aware of a previous order denying that motion. The attorney then offered the entire records in the two preceding cases in support of the motion for disqualification. The court reversed a ruling on this offer and proceeded to hear evidence. After the trial had been completed, the court entered an order denying the request for admission of these records. We find no other attempt to introduce these records into evidence in the present case, even though they or part of them, might be material and relevant on the question of alimony and property allowances. To say the least, it would seem likely that there would be much more evidence in those cases about the nature and extent of the property and income of the parties than appears in the record of this case, as abstracted. Courts cannot take judicial notice of their own records in other causes therein, even between

the same parties. *Murphy* v. *Citizens Bank of Junction City*, 82 Ark. 131, 100 S.W. 894; *Yarbro* v. *Gentry*, 245 Ark. 602, 433 S.W. 2d 381.

Appellant has filed a motion for judgment in this court pursuant to a motion for accounting filed in the case previously appealed to this court and for attorney's fees on both appeals. This motion is not sufficient to confer jurisdiction on this court as to the accounting. Apparently, appellant is laboring under the misapprehension that the present case and the previous one are the same case, but they are not. The present appeal is from the chancery court's decree in appellee's action for divorce on the ground of three years' separation, filed more than two years after our decision on the appeal in the previous case. That case was remanded for further proceedings not inconsistent with our opinion. *Lewis* v. *Lewis*, 248 Ark. 621, 453 S.W. 2d 22. If appellant's motion has been acted upon in the trial court, no appeal has been docketed in this court and our jurisdiction in the matter was terminated by the issuance of our mandate. Consequently, we cannot act on that portion of the motion. Appellant's request for an allowance of attorney's fees on the prior appeal is belated, to say the least, and we decline to act upon it after the lapse of more than two years. Our refusal to act is without prejudice to appellant's seeking an allowance for attorney's fee on that appeal in the trial court in any consideration given by that court to the overall question of allowance of such fees in that case, if the case is still pending and the question of liability for attorney's fees has not been finally disposed of therein. In view of our remand of the case presently on appeal, it seems that the better procedure would be for the chancery court to consider the appropriate amount to be allowed appellant for attorney's fees for services in that court and this one when further proceedings are concluded. It is so ordered.

We affirm the decree insofar as it awards a divorce to appellee, but we remand the case for further consideration of the issues relating to settlement of property rights and the questions of alimony and attorney's fees.

BYRD, J., dissents as to the reversal.