Irsie Irene POSEY *v.* Virgil POSEY

CA 79-115                                   597 S.W. 2d 834

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Review Denied April 30, 1980
Released for publication April 30, 1980

*Francis T. Donovan,* for appellant.

*Guy H. Jones, Phil Stratton, Guy Jones, Jr., Casey Jones,* by: *Guy H. Jones,* for appellee.

JAMES H. PILKINTON, Judge. Irsie Irene Posey and Virgil Posey were married on November 30, 1939. They lived together from that date until February 17, 1979, a period of over thirty nine years. On February 17, 1979, after taking his wife to have their 1978 income tax returns prepared, and buying groceries, Mr. Posey left his wife at home and told her he was going to the barber shop to get his hair cut and would be back shortly. This was about 2:00 o'clock in the afternoon. He did not return home, and has lived elsewhere since.

Mr. Posey filed this suit for divorce against Mrs. Posey on March 23, 1979, and alleged general indignities. She filed a general denial and a cross action, but did not ask for an absolute divorce from the bonds of matrimony but from bed and board only. Her cross complaint alleged that Mr. Posey had been guilty of general indignities, and of adultery.

At a temporary hearing Mrs. Posey was awarded separate maintenance in the amount of $50.00 per week and possession of the home and automobile until the case could be heard on its merits.

The case proceeded to trial and, at the conclusion, the trial court found that each had established grounds for divorce; however, since Mrs. Posey was not asking for an absolute divorce, and Mr. Posey was, the chancellor awarded a divorce to him. At the same time the court reduced the support award from $50.00 per week, as provided in the temporary order, to $75.00 each two weeks; and Mr. Posey was

awarded the automobile. The parties owned a home place as an estate by entirety. The court ordered the home sold, with the net proceeds to be divided equally as tenants in common, but permitted Mrs. Posey to remain in the home until it could be sold. Mrs. Posey has appealed from the decree of the chancery court.

From a review of this case de novo we are persuaded that the trial court erred in granting Mr. Posey a divorce. A preponderance of the evidence clearly shows that Mr. Posey was guilty of indignities towards his wife. After Mr. Posey went to the barber shop in February and did not return, his wife became alarmed when night came. She called her sister. It was snowing that particular night. Mrs. Posey's sister did go out and locate the car Mr. Posey was driving. The car was unlocked but Mr. Posey was not with the automobile. Mrs. Posey testified that she was afraid he had met with foul play. She waited until eleven o'clock that night before having the car brought back to the home. She also reported Mr. Posey as missing to the local police department. It is undisputed that Mrs. Posey was very concerned about the whereabouts of her husband. One of her sisters and the sister's husband came over and spent the rest of the night with Mrs. Posey.

Mr. Posey had left home on Saturday and Mrs. Posey did not hear from him until late the following Sunday. He called then, according to Mrs. Posey's testimony, and demanded to know the whereabouts of his automobile. It is undisputed that he came by the home on the following Tuesday, put on clean clothes and went to work. A woman let him out of a car at the end of the driveway on that occasion. On the following Saturday he returned to the home again, moved all his clothing, and took the car. He told his wife he did not know where he would be but the proof shows Mr. Posey moved to a motel.

The proof offered by Mrs. Posey is not sufficient to establish that Mr. Posey was guilty of adultery. However, and without detailing all of the evidence, the record is clear that the neglect of his wife by Mr. Posey has been habitual while he has devoted his time and attention to another woman.

It is true, that Mrs. Posey was not without fault on her part; however, if we concur in the finding of the court below that both parties were at fault, we think the husband was the greater and first offender. We have concluded, under the facts here, that a decree of limited divorce should be awarded to the wife in accordance with the prayer of her cross complaint. The doctrine of comparative rectitude was applied in *Longinotti* v. *Longinotti,* 169 Ark. 1001, 277 S.W. 41 (1925), and *Ayers* v. *Ayers,* 226 Ark. 394, 290 S.W. 2d 24 (1956). In both *Ayers* and *Longinotti,* the fault of each party was examined and the party less at fault was granted a divorce even though both parties had established a right to divorce. We think the same course should be followed in the case before us.

We do not regard the doctrine of recrimination to be applicable in this case. The trial court did not find the parties to be equally at fault. Neither do we so find. The rule in Arkansas is that recrimination is applied only where the parties are *equally* at fault. *Lewis* v. *Lewis,* 248 Ark. 621, 453 S.W. 2d 22 (1970). Mrs. Posey did charge Mr. Posey with adultery and it can be correctly said on this record that she did not prove that particular charge. The trial court did not base its decree in favor of Mr. Posey on the ground that Mrs. Posey had charged her husband with adultery and failed to prove it. The chancellor may have felt that although Mrs. Posey failed to prove the charge of adultery, her testimony relative to that particular charge was given in good faith. It was held in *Relaford* v. *Relaford,* 235 Ark. 325, 359 S.W. 2d 801 (1962) that a charge of infidelity without basis is an indignity entitling the person charged to a divorce. Before the doctrine set forth in *Relaford* v. *Relaford* could be properly applied it must appear that Mrs. Posey was not in good faith when she testified. After pointing that out in *Bowers* v. *Bowers,* 257 Ark. 125 at 128, 514 S.W. 2d 387 (1974), the Arkansas Supreme Court said:

> Furthermore, we do not go so far under the theory set forth in *Relaford* v. *Relaford, supra,* as to hold that a spouse is entitled to a divorce whenever such charges are not corroborated.

On the record here we cannot say that Mrs. Posey's charge

and testimony relative to the alleged adultery were not in good faith.

A limited divorce is called divorce from bed and board in our statute. See Ark. Stat. Ann. § 34-1202 (Supp. 1979). It is also known as divorce a mensa et thoro.

The grounds on which a limited divorce may be granted are the same as those specified for an absolute divorce. § 34-1202, *supra*. There is ample evidence in this record to support a decree in favor of Mrs. Posey based upon indignities. As her proof is sufficient, as required by law, she is entitled to a limited divorce which is the type of relief sought in her cross complaint.

The record shows that Mrs. Posey has no income of her own at this time. She has some back trouble which interferes with her ability to seek or hold a job under present circumstances. In his opinion from the bench the chancellor said:

> You will understand the difficulty the court has now in the fact that Mrs. Posey is not able to work, and she has reached the age, like she says, where employment doesn't come easy, and she has to sustain herself. For forty years she has been a homemaker and I guess worked some of the time, and made her contribution in the home. So the court feels for a period of time he should help sustain her.

In an earlier part of his remarks in deciding this case, the chancellor had also observed:

> The proof is that Mrs. Posey has maintained the home, provided food and care for the plaintiff, and that she is physically unable to maintain a livelihood. This court is not inclined to award payments outside the marriage, but certain circumstances necessitate it.

Mr. Posey's income is approximately $12,000 a year. He has pension benefits of $136.00 per month in addition to his earnings. The trial court awarded the appellant $50.00 per week

as separate maintenance at the temporary hearing, an amount suggested at that time by the appellee. We find that sum to be more in keeping with appellant's needs, and the ability of the appellee to pay, than the $75.00 for each two-week period awarded by the court at the final hearing. An award of this type is always subject to modification upon changed circumstances; however, upon the now existing facts we find the award for Mrs. Posey should be fixed at $50.00 per week. She should also be permitted to have possession of and occupy the homeplace as long as it is her principal place of residence. She has no other place to reside according to the testimony. An additional fee of $300.00 is allowed for services rendered by appellant's counsel on appeal.

At the temporary hearing and prior to trial the parties made a voluntary division of certain furnishings, satisfactory to each, and that division of personal property is not questioned on appeal. The parties are bound by their voluntary actions in that regard, and such division is not disturbed by this appeal. Mr. Posey was awarded the family automobile in the trial court. That was a correct disposition of the car inasmuch as Mrs. Posey does not drive, and it is admitted that in dividing funds she received an extra amount approximately equal to the value of her interest in the car from a joint bank account.

The decree of the chancery court must be reversed and remanded for further proceedings and the entry of a decree consistent with this opinion.

Reversed and remanded.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. I cannot agree with the majority opinion. It concedes the proof offered by Mrs. Posey is not sufficient to establish that Mr. Posey was guilty of adultery.

There is absolutely nothing in the record proving "the neglect of his wife by Mr. Posey has been habitual while he has devoted his time and attention to another woman."

There is not testimony Mr. Posey neglected nor subjected Mrs. Posey to indignities prior to the time he initiated the separation by leaving home. I am aware of *Milne* v. *Milne,* 266 Ark. 900, 587 S.W. 2d 229 (Ark. App. 1979), though in disagreement with the law as stated by the majority opinion. My colleagues will state that I simply cannot accept the fact that Arkansas is not a no-fault state. This however, is not the basis for this dissent. Even if *Milne,* which holds that conduct up until time of divorce can serve as grounds for divorce, is applied, Mr. Posey has done nothing which constitutes conduct which should deny him a divorce.

Our divorce statute requires no cohabitation after grounds for divorce are established. Had Mr. Posey remained at home the law would have presumed sexual intercourse and therefore condonation of his wife's indignities which would have precluded a divorce. This separation, which is essential to obtaining a divorce, is now the evidence the majority points to to show studied neglect.

The majority makes it impossible for a party seeking a divorce to enjoy the company of fellow human beings. They concede there is no proof of adultery, yet reward Mrs. Posey for her false accusation. The majority would demand the behavior of a cloistered monk who must not communicate with, nor be seen in the presence of, members of the opposite sex. Furthermore they assume the conduct is immoral and an affront to the estranged wife. Our Court does not sit in moral judgment.

In reality the majority just cannot support a husband of 40 years leaving his wife. They do not wish to appear to approve of a divorce in this situation. This is not our function! The legislature has set out the guidelines by which a divorce may be granted. Neither the length of the marriage, nor sympathy for the wife, are factors for determining grounds.

While I would affirm Mr. Posey's divorce I would increase Mrs. Posey's alimony and award her the house. This is allowed by Act 705.

I respectfully dissent.