Reverend N. W. WILLIAMS, Pastor,
Mrs. Mamie NELSON, Mr. Lucius CHILDS et al
*v.* James CUPP, Johnny MASSEY,
Carthur JORDAN et al

CA 79-262                                597 S.W. 2d 855

Court of Appeals of Arkansas
Opinion delivered April 16, 1980
Released for publication May 7, 1980

*Leon N. Jamison,* for appellants.

*Dale, Felton and Hamilton Ltd.,* for appellees.

MARIAN F. PENIX, Judge. This case arose from a controversy among members of the Second Baptist Church in Marianna, Arkansas. At a general church meeting on January 21, 1979, one of the appellants, Rev. N. W. Williams, was removed as Pastor of the church. At the January 21 meeting a motion was made, seconded and voted upon to declare the pulpit vacant. Subsequently, the Deacons of the church had all the locks to the doors on the church changed. This was to prevent Rev. N. W. Williams and other members from entering the church property at times other than established hours of worship. The Appellants petitioned the Court for equitable relief. They asked for a permanent injunction enjoining the appellees from preventing the appellants from using the church building and for a temporary restraining order enjoining the appellees from

preventing appellants from "making use of church facilities to the end that plaintiffs (appellants) will no longer suffer irreparable harm as a consequence of the unjustified, arbitrary and capricious acts of the defendants (appellees)." They further asked that the defendants (appellees) and the First National Bank of Marianna, Arkansas be temporarily and permanently enjoined from making or authorizing any withdrawals from the bank account of the Second Baptist Church of Marianna, Arkansas. The Court granted the temporary restraining order. The appellants posted a $350 bond.

Following a hearing on February 20, the Court found the congregational meeting held on January 21, 1979 to be a valid meeting and the pulpit to be vacant. He dismissed the complaint by plaintiffs (appellants) and dissolved the temporary restraining order. The plaintiffs appeal.

The appellants allege error in the finding the pulpit had been declared vacant at the January 21, 1979 business meeting of Second Baptist Church. They also allege error in the Court's not ordering an election with regard to the retention of the pastor.

The appellants attempted to offer evidence to establish there was never a valid note at the January 21 meeting. They contended the congregation had voted to table the question of election of officers and therefore members left the meeting not expecting any further action to be taken that day on the business of removing the pastor.

The appellants rely on *Elston* v. *Wilborn,* 208 Ark. 377, 186 S.W. 2d 662 (1945). There the Chancery Court had called an election to determine who the trustees of a church were. In reversing, the Supreme Court found such election could not determine which faction was entitled to control of the church property because the election came three years after the ejectment suit was filed. We do not find *Elston,* supra, to be applicable here, other than its finding that a court has the right to determine church property rights.

We find from the record conflicting testimony as to the usual procedure by which the pulpit is declared vacant.

In a memorandum opinion dated February 27, 1979 and an order dated March 30, 1979, the Court made the following determinations:

1. The court has jurisdiction in a suit involving property rights.

2. At a regular and duly called congregational meeting called by Reverend Williams, appellant, on January 21, 1979, a motion was made, seconded, and carried that the pulpit be declared vacant. Rev. Williams ruled it "out of order" and refused to entertain it. A majority of the congregation present demanded the motion be presented. The chairman of the Board of Deacons entertained the motion and it carried by a vote of 18 to 8.

3. This group always considered "the majority" to mean a majority of those present and voting.

4. In congregationally governed religious societies it is the will of the majority of the congregation, not that of the pastor, which governs business affairs and it should be more particularily so in those matters involving that pulpit occupied by the pastor.

5. As a truly self governing body, the congregation had the right to overrule the pastor.

6. The minutes reflect the pastor moved for certain recommendations for offices of "clerk, treasurer, etc". It did not include "pastor". It was this motion and the election of officers which was tabled.

7. The meeting of January 21 was a valid congregational meeting.

8. The overruling of the pastor's action was a proper exercise of congregational government and the declaration of the majority of the congregation then present that the pulpit was vacant was a valid act.

9. Reverend Williams was not authorized to call the

February 5 meeting. No deacons were present, the clerk was not present to record the vote, and any action taken was not agreed to by the majority of the congregation.

10. The pulpit is vacant pursuant to action taken on January 21, 1979 and it now rests with the officials of the church to initiate the regular procedures for calling a proper person to fill that pulpit.

11. The complaint is dismissed for want of equity and the temporary restraining order is dissolved.

The Chancellor had the opportunity to view all the exhibits and to hear the testimony from the many witnesses testifying for both sides. He found from the evidence the meeting held on January 21, 1979 was a properly called meeting and the action taken to declare the pulpit vacant was proper. He determined the church property was properly in the hands of the Deacons.

We do not find the Chancellor's decision to be against the preponderance of the evidence. Therefore, we must affirm his decision. *Digby* v. *Digby,* 263 Ark. 813, 567 S.W. 2d 290 (1978); *Minton* v. *McGowan,* 256 Ark. 726, 510 S.W. 2d 272 (1974); *Massey* v. *Price,* 252 Ark. 617, 480 S.W. 2d 337 (1972); *Marine Mart, Inc.* v. *Pearce,* 252 Ark. 601, 480 S.W. 2d 133 (1972).

Affirmed.

HOWARD. J., not participating.