

Cite as 2014 Ark. App. 205

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–13–331

| | |
|---|---|
| QUINTRELL RICHARDSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 2, 2014<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT<br>[NO. CR–11–307]<br><br>HONORABLE CINDY THYER, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

A Mississippi County jury convicted Quintrell Richardson of two counts of aggravated robbery. The circuit court sentenced Richardson to ten years' imprisonment in the Arkansas Department of Correction. Richardson appeals his convictions, arguing that the circuit court incorrectly denied his pretrial motion to suppress evidence from a police stop and that the court erred by not granting his directed-verdict motions during trial. We cannot decide the merits of Richardson's appeal now because his brief and the record do not conform to our rules.

Richardson's notice of appeal states that he

> hereby designates the entire record proceedings, pleadings and transcript to be included in the record of appeal. This would include, but not be limited to, the record of the proceeding on September 11, 2012, at which time the Motion to Suppress filed by the Co-Defendant, Damien Davis, which Defendant Quintrell Richardson joined, was heard by the Court and denied.

The notice appeals the court's decision on the motion to suppress, but the record does not contain the motion that Damien Davis filed and on which Richardson relies for his separate appeal. Richardson's brief also refers to "the cases cited by the State in their response to the Motion to Suppress," yet the record does not contain the State's response to the defendants' motion to suppress. Nor does the current record contain a written order denying the motion to suppress. This court has already decided codefendant Davis's case in *Davis v. State*, 2013 Ark. App. 658, but our supreme court prohibits us from judicially noticing records in other cases, even if the cases involve the same people. *See Yarbro v. Gentry*, 245 Ark. 602, 433 S.W.2d 381 (1968). We therefore remand this case to the circuit court to settle and supplement the record with the motion to suppress, the State's response to that motion, and the court's written order, if one exists, within thirty days of this opinion's date.

We also order rebriefing because Richardson's abstract does not establish that he orally joined Davis's motion to suppress. Richardson's substituted brief should include this information in the abstract. Richardson's addendum needs to be supplemented too because it lacks the Stage Two: Standard Verdict Form for the Cherry Tree Gas Station. Arkansas Supreme Court Rule 4-1(a)(8) (2013) requires that he include all jury-verdict forms in the addendum. And Rule 4-2 requires that all motions and responses concerning the order or ruling challenged on appeal be included in the addendum, so Richardson should include all the court papers that concern this appeal in his substituted addendum.

SLIP OPINION

The deficiencies we have noted are not an exhaustive list. We encourage counsel, before filing a substituted brief, to examine Rules 4-2 and 4-3 and ensure that no additional deficiencies are present. *Wells v. State*, 2012 Ark. App. 151.

Richardson's substituted brief, abstract, and addendum are due within fifteen days after the supplemental record has been filed with this court's clerk. Ark. Sup. Ct. R. 4-2(b)(3). The State may revise or substitute its brief within fifteen days of the filing of Richardson's substituted brief, or it may rely on its previously filed brief.

Remanded to settle and supplement the record; rebriefing ordered.

BROWN and HIXSON, JJ., agree.

*Kimberly Eden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.